D. S. ANDERSON v. THOMAS H. ANDERSON.

Delivered May 14, 1896.

**1. Practice in Trial Court—Withdrawing Issue from Jury.**

Where defendant pleaded a contract and offered to show that it was evidenced by certain lost letters, and to prove the contents thereof, the fact that there were other letters of later date tending to show that no such agreement had been made did not authorize the court to withdraw from the jury the issue as to such contract.

**2. Statute of Frauds—Part Performance—Improvements.**

Possession of land and improvements made under a parol contract of lease for a longer period than one year is such part performance as will take the case out of the statute of frauds; and a cultivation of the land such as enhances its value will be regarded as improvements.

**3. Pleading—Uncertainty.**

Where defendant had pleaded more than one written contract and then set up an oral contract, alleging its terms to be the same as those of "the written contract" already pleaded, an exception to the latter pleading was properly sustained.

**4. Evidence—Part of Written Instrument.**

Where a fragment of a letter is offered in evidence from which it cannot be determined just what the letter means, it is properly excluded unless evidence of the contents of the whole of the letter is offered in connection therewith.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Austin & Rose,* for appellant.—1. The court erred in striking out so much of defendant's answer as averred a parol contract for the use and occupancy of the premises in controversy, and partial performance thereof by both parties, because such partial performance, if true, would take the contract out of the statute of frauds. Wells v. Davis, 77 Texas, 636; Harold v. Sumner, 78 Texas, 581; Hunt v. Turner, 9 Texas, 389; Whitson v. Smith, 15 Texas, 34; Clay v. Cook, 16 Texas, 73; Robinson v. Davenport, 40 Texas, 342; Castleman v. Sherry, 42 Texas, 62; Pounce v. McWhorter, 50 Texas, 571-572; Neatherly v. Ripley, 21 Texas, 438; Dugan v. Colville, 8 Texas, 127-128; Attenhouse v. Burleson's Adm'rs, 21 Texas, 435; 1 W. & W. C. C., sec. 1101; 1 Taylor's Landlord and Tenant, secs. 32-33; Waterman on Spec. Perform., secs. 248, 249, and note 3.

2. Defendant having averred the existence of a written contract conferring upon him the right to the use and occupancy of the premises in controversy for a definite period of time, and his faithful performance of such contract, and said averment being supported by evidence, the court erred in refusing to submit such issue to the jury. Revised Statutes, art. 1317; Rogers v. Broadnax, 24 Texas, 542; Patton v. Rucker, 29 Texas, 406; Supreme Council v. Anderson, 61 Texas, 301; Gresham v. Chambers, 80 Texas, 550; Patterson v. City of Austin, 29 S. W. Rep., 1139.

*James B.* and *Chas. B. Stubbs,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued appellant to recover the land in controversy, claiming it under a deed from J. G. Anderson. Appellant had entered under J. G. Anderson and set up in his answer that he was holding under a written contract with J. G. Anderson, which entitled him to the exclusive possession and use of the land for ten years in consideration of services to be rendered by him in cultivating and improving it. He alleged also a parol agreement with J. G. Anderson for the use of the premises together with the delivery of possession and the making of improvements under it, in order to show part performance and to avoid the statute of frauds, and prayed that, whether the contract be found to have been put in writing or to have been oral, that its terms be established and that specific performance be decreed. He further pleaded that he had made improvements on the faith of the agreement and asked judgment for their value, in case he could not retain possession of the land.

The court sustained exceptions to the part of the plea setting up the oral contract, and overruled exceptions to the part setting up the written contract and improvements; but on the trial before a jury, the court refused to submit the question, whether or not the contract was proved as alleged, and directed a verdict for the plaintiff for the land.

The contention of the defendant was, that he first entered under an oral agreement with J. G. Anderson, which was to have been formally reduced to writing, the execution of which was delayed from time to time; but that it was acknowledged and its terms stated in letters written to him by J. G. Anderson, which had been lost; and that, later, this first contract had been rescinded by agreement between them, and another substituted, which was also evidenced by lost letters, the contents of which defendant undertook to show. He introduced evidence tending to prove these facts, which should, in our opinion, have been submitted to the jury. If the testimony of himself, his son and daughter be accepted as true, there was a letter written to him by J. G. Anderson in the latter part of 1891, making an offer, the terms of which were the same as those alleged by him, as constituting the contract finally agreed upon, and he had replied accepting it. It is true that there were letters of a later date written by both of the parties, which tended to show that no agreement had been made, but this presented a question of fact for the decision of the jury. If the contract had been in fact concluded in 1891, these late letters would not have abrogated it, as in themselves they showed no subsequent agreement. They were simply evidence to be considered by the jury in determining whether or not the contract had been concluded as claimed by defendant. It is stated in the briefs of counsel for appellee, that the view taken in the court below was, that the evidence all together rendered it so uncertain what the contract was, if there was one, that specific performance could not be decreed; and that may be a conclusion warranted by all of the evidence. But still there was evidence, which, if believed, might have been held by the jury sufficient to show definitely, not only that an

agreement was made in 1891, but what were its terms, and hence the court could not properly withdraw this question from the jury.

With regard to the alleged oral contract, we cannot say that the court erred in sustaining exceptions to the part of the answer setting it up. It is true that an oral agreement for a letting of land for a greater period than one year may be taken out of the operation of the Statute of Frauds by such part performance as, on principles of equity, entitles the lessee to specific performance. The delivery of possession under such an agreement and the making of improvements in accordance with it are held sufficient for this purpose. Taylor's Landlord and Tenant, secs. 32-33; Waterman on Spec. Perf., 274-276.

"Improvements, to constitute part performance, or to entitle the vendee to compensation, need not necessarily consist of erections on the land, but may arise from skill and labor bestowed in cultivation," which, however, must enhance the land in value. Waterman, sec. 282.

Hence if the terms of the oral contract had been sufficiently alleged, a case might have been shown to entitle defendant to enforce it. But the part of the plea setting it up, alleged that its terms were the same as those previously alleged as having been stipulated in the written contract. More than one contract evidenced by writing were alleged, and the court could not see which one was referred to. Of course if there was in fact a contract reduced to writing, all previous negotiations would be merged in it. But, in pleading, it was permissible for defendant to so shape his answer as to get the benefit of an oral agreement, in case he should fail to establish one in writing. Letters might not within themselves, state all of the terms of an agreement so as to constitute a written contract, but might still be evidence tending to show the existence on an oral agreement. And under pleadings shaped as were those of defendant's, if the oral agreement was sufficiently stated, if all the evidence taken together should show and the jury should find the existence and terms of a contract, either written or oral, appropriate relief should be given.

We do not see that the question, whether or not, independently of our trespass to try title statute, a lessee is entitled in equity to a lien upon the premises for improvements made by him on faith of a contract with the lessor, has any important bearing upon the case. Appellee seeks to retain possession of the premises during the term of the alleged letting. If he establishes the facts which he alleges to entitle him to that relief, he can do so. The services rendered in improving the place, were, according to his claim, done in consideration of such letting, and of course if he continues to hold under the alleged agreement, he will be entitled to no other compensation. On the other hand, if he held under no definite contract, which entitles him to remain, it follows that his services were rendered as a part of that contract, too, and as a consequence, he would then have no right to recover for them.

He cannot have specific performance of his contract and compensation for his services too. And if the agreement under which he held gave

him no right to hold for a definite time, his services were still rendered in return for such right as he obtained under the agreement.   The court did not err in refusing to submit the issue raised by that part of the answer setting up the right to recover improvements.   The parts of the answer which alleged notice to plaintiff of defendant's right and conspiracy between plaintiff and J. G. Anderson to defeat that right were irrelevant.   Plaintiff had only such right as his grantor had, and defendant's possession charged plaintiff with notice of it.

We do not think the court erred in excluding the fragment of the letter from J. G. Anderson to defendant.   From it alone it cannot be told just what it means and what weight should be given to it.   Defendant should have offered evidence of the contents of the whole of the lost letter, if he desired to use it.

The allegations in plaintiff's supplemental petition, in which he sought to charge defendant with the value of property of J. G. Anderson appropriated and with moneys furnished by J. G. Anderson, were made in reply to those parts of defendant's answer which sought compensation for improvements.   What we have said as to that claim renders it unnecessary to further discuss the sufficiency of plaintiff's allegations.   In the controversy between J. G. Anderson and defendant about their mutual accounts, if the former seeks the benefit as offsets of the sums charged in plaintiff's pleadings, he should plead them more specifically, at least the claims for money advanced by him to defendant.   That cannot, in the nature of things, be more peculiarly within defendant's knowledge than his own.   As to property belonging to him which he claims defendant received, as his agent, and appropriated, he may justly call upon defendant for an accounting and the general allegations made would be sufficient.

We take occasion to say that the defendant's answers may be greatly simplified by the omission of unnecessary verbiage, and the plain statement of the contracts relied on and of the acts done under it.   His pleadings are unnecessarily lengthy.

*Reversed and remanded.*