T. Smith et al., Relators, v. T. H. Conner et al., Respondents.

No. 1383.   Decided February 6, 1905.

**1.—Certified Question—Conflict—Mandamus.**

The Supreme Court can not issue mandamus to require the Court of Civil Appeals to certify to it a question decided, on the ground that such ruling conflicts with the previous decisions of the Supreme Court. The Statute (Act 1899, p. 170) requiring the Court of Civil Appeals to certify the question in certain cases of conflict, applies only to conflicts with other rulings of a court of civil appeals, and, except in such cases, certifying a question to the Supreme Court rests in the discretion of the Court of Civil Appeals.   (Pp. 435, 436.)

**2.—Same—Question Raised in Trial Court.**

The ruling by the Court of Civil Appeals that a certain question of law can not be raised on appeal without a motion in the trial court to correct the error, is not in conflict with cases holding merely that a question not raised in the trial court can not be raised on appeal; nor is it in conflict with the ruling that the motion for new trial in the trial court is too general in its terms to raise the question presented on appeal.   (Pp. 436, 437.)

**3.—Certified Question—Conflicting Decisions—Rulings on Costs.**

The ruling of the appellate court adjudging the costs upon appeal, is a matter so far dependent upon the facts and circumstances of each case that it can not be pronounced in conflict with the ruling of other appellate courts upon different states of fact, where neither decision lays down a rule of law for general application.   (P. 437.)

**4.—Jurisdiction of the Supreme Court—Certified Questions—Writ of Error.**

The jurisdiction of the Supreme Court upon certified questions on the ground of conflict is confined to cases where the law announced by opinions given by different courts is in conflict, and is distinguished from the power given it upon writ of error to revise the application of a recognized ruling of law to the facts of the case.   (P. 437.)

**5.—Jurisdiction of Supreme Court—Mandamus.**

The Supreme Court has no general power to issue the writ of mandamus to review the act of the Court of Civil Appeals; and the judgment of the latter court in cases where its jurisdiction is final are conclusive.  (Pp. 437, 438.)

Original application to the Supreme Court for writ of mandamus to require the Court of Civil Appeals for the Second District to certify questions on the ground of conflict in rulings.

*Hunter & Flood* and *Kinder & Dalton,* for relators.—The Court of Civil Appeals erred in its ruling and the same was in plain and direct conflict with this court's decisions in the cases of Etter v. Dignowitty, 77 Texas, 212; Goss v. Pilgrim, 28 Texas, 266; Morris v. State, 47 Texas, 594; Gaines v. Bank, 64 Texas, 21, 22; Collins v. Bank, 75 Texas, 255; Clark v. Pearce, 80 Texas, 151; Hance v. Burke, 73 Texas, 66; Texas & P. Ry. Co. v. Casey, 52 Texas, 124; Ann Berta Lodge v. Leverton, 42 Texas, 22.

And it is in conflict with the decisions of the Courts of Civil Appeals of Texas in the following cases: Russell v. Nall, 2 Texas Civ. App., 63; Davis v. Railway Co., 44 S. W. Rep., 1016; Bonnell v. Prince, 11 Texas Civ. App., 399.

The honorable Court of Civil Appeals took up and considered the assignments of error relating to the judgments containing the field notes,

when the motion for new trial contained no such ground, and in this, the said court violated its plain duty and violated and annulled and ovei- ruled the plain statute law of the State as clearly and expressly set forth in Article 1371 of our Revised Statutes wherein it is provided: "Every such motion [for new trial] shall be in writing and signed by the party or his attorney, and shall specify the ground upon which it is founded; and no other grounds than those specified shall be heard or considered." The motion for new trial did not contain any such ground. Also violated rule 67 for government of district courts, q. v. And also rules 24, 25 and 26, for government of Courts of Civil Appeals, q. v.

The said court also adjudged the costs of appeal against your peti- tioners, although the ground upon which it modified the judgment was not made or presented in the District Court, and this was also made ground for rehearing and to certify, and was overruled by said court, and such overruling was in plain conflict with the numerous decisions of this court and of the Courts of Civil Appeals as follows: First Dis- trict: Storie v. Cortes, 39 S. W. Rep., 607; Tinsley v. Houston Land Co., 36 S. W. Rep., 816. Third District: Moore v. Waco Bldg. Assn., 19 Texas Civ. App., 73. Fourth District: Garza v. Hammond, 39 S. W. Rep., 610. Fifth District: Montrose v. Bank, 23 S. W. Rep., 709; Mc- Daniel v. Martin, 25 S. W. Rep., 1041. Supreme Court: Helm v. Weaver, 69 Texas, 145; Lee v. Welborne, 71 Texas, 502; Pearce v. Tootle, 75 Texas, 150; Converse v. Langshaw, 81 Texas, 280.

*Matlock, Miller & Dycus,* for respondent.

WILLIAMS, ASSOCIATE JUSTICE.—This is an application for a writ of mandamus to require the justices of the Court of Civil Appeals of the Second District to certify to this court for decision a question de- cided by that court in the case of J. T. Smithers, plaintiff in error, v. T. Smith and S. A. Greer, defendants in error, the application being founded upon an alleged conflict between such decision and certain decisions, named in the petition, of this court and of other courts of civil appeals. The case of Smithers v. Smith and Greer, in which the decision was made, has been held by this court to be one of boundary, in which the decision of the Court of Civil Appeals is final. Smithers v. Smith, 81 S. W. Rep., 283. Its history is briefly given in the report cited. The decision of the Court of Civil Appeals reversing the judg- ment of the District Court and rendering a judgment containing only the description of the land as given in the pleas in reconvention of the defendants, Smith and Greer, is alleged, in the application for man- damus, to be in conflict with the decisions of this court in the following cases: Etter v. Dignowitty. 77 Texas, 212; Goss v. Pilgrim. 28 Texas, 266; Morris v. The State, 47 Texas, 594; Gaines v. Nat. Ex. Bank, 64 Texas, 21, 22; Collins v. Panhandle Nat. Bank, 75 Texas, 255; Clark v. Pearce, 80 Texas, 151; Hance v. Burke, 73 Texas, 62; Texas

& P. Ry. Co. v. Casey, 52 Texas, 124; Ann Berta Lodge v. Leverton, 42 Texas, 22.

If such a conflict were found to exist it would, of itself, give no jurisdiction to this court to require the certification of the question upon which the conflict exists. The only statute, except that regulating certificates of dissent, which makes it the duty of the Court of Civil Appeals to certify a question to this court is the Act of 1899 (Acts 26th Leg., p. 170), which provides that when "any one of said courts may arrive at an opinion in the decision of any of said causes that may be in conflict with the opinion" rendered by another Court of Civil Appeals "on any question of law, and said Court of Civil Appeals refuses to concur with the opinion so rendered by said other Court of Civil Appeals, it shall be the duty of said court failing to concur with the opinion in conflict with the opinion so arrived at by said court" to certify the question in the manner prescribed. This does not make it the duty of the courts of civil appeals to certify to this court any conflicts that may arise between their opinions and those of this court, and hence mandamus will not lie to require them to do so. The propriety of certifying question, except such as are within this statute, or article 1040, Revised Statutes, relating to certificates of dissent, is left to the determination of the courts of civil appeals. Rev. Stats., arts. 1039-1043. But the petition for mandamus also claims that the Court of Civil Appeals committed error in correcting the judgment of the District Court in the matter stated because the point was not properly raised in the trial court by motion to correct the judgment or otherwise, and that herein its opinion conflicts with those of the courts of civil appeals in the following cases: Russell v. Nall, 2 Texas Civ. App., 63; Davis v. San Antonio, etc., Ry. Co., 44 S. W. Rep., 1016; Bonnell v. Prince, 11 Texas Civ. App., 403. These cases hold that certain objections to the judgments therein in question could not be raised on appeal when they had not been raised in the trial court, but none of them hold that the question which the Court of Civil Appeals considered in this case should not be raised without a motion to correct the error having been made in the lower court. There are some questions to which the rule of practice relied on does not apply, and none of the decisions claimed to be in conflict with the one under consideration apply it to the particular point urged and considered in this case as ground for reversal. Hall v. Jackson, 3 Texas, 305; Western Union Tel. Co. v. Mitchell, 89 Texas, 441; Throckmorton v. Davenport, 55 Texas, 236. Besides, it appears that the party against whom the judgment of the district court was rendered did make a motion to set aside such judgment in which he asserted that the "judgment is * * * not authorized under the law, or pleadings in the case." That it was not authorized by the pleadings is the point decided by the Court of Civil Appeals. Should it be conceded, as contended by counsel for petitioner, that this motion was not sufficiently specific to properly raise the

question, it would not help out the application, because that is not the question determined in any of the cases relied on as conflicting with that attacked.

It is further claimed that it was wrong for the Court of Civil Appeals, in reversing the judgment upon an objection claimed to have been made for the first time in that court, to adjudge the costs against the defendants in error, and this part of its judgment is said to be in conflict with the decisions of other courts of civil appeals in these cases: Storie v. Cortes, 39 S. W. Rep., 607; Tinsley v. Houston Land Co., 36 S. W. Rep., 816; Moore v. Waco Bldg. Assn., 11 Texas Civ. App., 73; Garza v. Hammond, 39 S. W. Rep., 610; Montrose v. Fannin Co. Bank, 23 S. W. Rep., 709; McDaniel v. Martin, 25 S. W. Rep., 1041. What we have just said, in a large measure, disposes of this contention. None of those decisions are based upon the same facts as that which controlled the decision of this case, nor lay down any rule of law of general application. They merely adjudge the costs of appeal as was thought to be just under the facts and circumstances of the cases, which differed from the facts of this case. It would be difficult to show a conflict of "opinion," as required by the statute, upon such a point as this; and certainly no such conflict is shown by mere differences in judgments as to costs, the propriety of which depends so largely upon a sound discretion exercised upon the facts and circumstances of particular cases.

It is to be observed of the statute of 1899 that its purpose is to preserve, as far as may be done by following its provisions, harmony among the opinions of the courts of civil appeals upon questions of law, rather than to confer upon this court a power to correct errors in judgments rendered by those courts. This court has power to do the latter by writs of error in cases over which jurisdiction is given to it, and the statute is not intended so much to extend this jurisdiction as it is to provide a method of settling conflicts of opinion of the kind specified. It is only where an *opinion* has been arrived at and adhered to, conflicting with an *opinion rendered* by another court, that the duty of certifying is imposed; and then it is the *opinion* of this court that is to be rendered and is to be considered the law upon the question involved. This is very different from the power given to this court to revise, upon writ of error, the judgments rendered by the courts of civil appeals. So far as appears, the Court of Civil Appeals has not in this case, reached any opinion which conflicts with an opinion rendered by any other court of civil appeals, nor refused to concur with any other such opinion. That which is really attacked is the application made of the law, which it recognizes, in the rendition of its judgment. If there is any error in the judgment, which we do not intimate, it can not be reached in this manner.

It was indeed urged at the bar that, although this court may have no jurisdiction in a given case to review the action of a court of civil

appeals by writ of error, it yet has the same general power to issue to that court the writ of mandamus "in cases warranted by the principles and usages of law," which the Court of King's Bench in England and the Supreme Court of the United States have to issue the writ to inferior tribunals, in support of which contention counsel refers to Virginia v. Rives, 10 Otto, 313; ex Parte Bradley, 7 Wall., 364. In the first place no such general power to issue the writ of mandamus is given to this court, and in the second place the Court of Civil Appeals, when acting in those cases in which its judgments are made final, is not inferior to this court, but its judgments are as final and conclusive and as much to be respected by this court as are its own judgments. The writ of mandamus can not be made a substitute for an appeal or writ of error in cases where appeal or writ of error is given, much less where the court from which it is sought is given no revisory control over that against which it is asked. Ewing v. Cohen, 63 Texas, 482.

It appears that after the judgment of the Court of Civil Appeals was rendered, a regular motion for rehearing overruled, and an application for writ of error to this court dismissed for want of jurisdiction, the plaintiffs Smith and Greer, more than fifteen days after the rendition of judgment, filed in the Court of Civil Appeals a motion for leave to file a second motion for rehearing. Before this was acted on the term of the court at which the judgment was rendered came to an end and the motion for leave was ordered to be continued to the next term, at which it was overruled. These facts raise an important question which it is unnecessary for us to decide, viz., whether or not it is now in the power of the Court of Civil Appeals to alter the judgment of the former term, and if not, whether or not this fact, alone, should defeat this application. For the reasons given the writ is refused.

*Mandamus refused.*