## CITY OF SAN ANTONIO V. A. I. SERNA.

Decided February 20, 1907.

**1.—City Officer—Salary—Provision for Payment.**

The annual salary of city officers is not within the purview of sec. 5, art. 11, of the Constitution, but is payable out of the current revenue, and it is not essential to the city's liability for its payment that a fund should be provided for its liquidation.

**2.—Dismissal of Policeman—Procedure—Charter.**

Where a city charter provided that a policeman could be removed from office only by the mayor for reasons in writing filed by him with the city clerk and with the approval of such discharge by a majority of the city council, any other procedure of removal would be void. A power of amotion must always be pursued with a strict compliance with the terms prescribed.

Appeal from the Thirty-seventh District Court, Bexar County. Tried below before Hon. Edward Dwyer.

*Joseph Ryan,* City Attorney, for appellant.

*Leo Tarleton* and *Wm. Aubrey,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The appellee sued the appellant to recover his salary as mounted patrolman of the police force of said city. He alleged that he was duly appointed as such patrolman on the 4th of March, 1903, and his salary fixed at $80 per month, with an annual allowance of $45 for clothing, and that he was entitled to hold the office for the term of two years from the date of his appointment, and until his successor was duly appointed and qualified. He then alleges that he served the city by discharging the duties of such office until the 13th of December, 1903, when, under the pretense that he had been suspended and discharged, the appellant refused to accept his services as such officer, although he tendered his services and was ready and willing from that date to perform the duties of his office until its term expired. He asked judgment for his salary from the 13th of December, 1903, to the 1st of June, 1905, which last named date he alleged to be the expiration of the time of his term of office holding.

The defendant answered by a general denial, and pleaded that plaintiff was legally discharged from service under the charter, ordinances and laws in force on or about the 1st day of February, 1904; and that prior thereto he was legally suspended from service under the charter, ordinances and laws then in force and that such suspension and discharge have continued and remained in force ever since.

The case was tried before a jury who was peremptorily instructed to return a verdict for the plaintiff. It was for $1,480.82, and from the judgment entered upon it the defendant has appealed.

On March 2, 1903, it was ordained by the council that "the police force of the city of San Antonio shall consist of one chief marshal and two assistant marshals, one police matron and such detectives and mounted and unmounted patrolmen as the mayor and city council may deem necessary," that "the pay of patrolmen mounted, shall be $80 and that each regular member of the police force shall be provided by the city with two suits of clothes and two hats annually, of a material and pattern to be approved by the marshal." On the same day the mayor placed in nomination as mounted patrolman A. I. Serna, the plaintiff in this case, and his nomination or appointment was then unanimously confirmed by the city council. On March 4, 1903, his official bond was made and approved and he was duly commissioned as mounted patrolman of the police force of said city and entered upon the discharge of the duties of his office. He was never legally suspended nor discharged from said office, and was entitled to the salary and allowance fixed by

the ordinance of said office for the term of two years from the date of his commission. He was not paid anything on his salary or allowance for clothing after December 14, 1903, at which time it is claimed by the appellant he was suspended and discharged from his said office. There was due and unpaid him on his salary when his term of office expired the sum of $1,306.66 2-3.

Under our view of this case, it is immaterial whether the ordinance of May 28, 1903, making appropriations to defray the expenses of administration of the city government for the fiscal year beginning the 1st of June, 1903, and ending May 31, 1904, was properly admitted in evidence or not. The annual salary of the various officers of a city, is not within the purview of section 5, article 11 of the Constitution; but is to be paid out of the current revenue, and it is not essential to the city's liability for its payment that a fund should be provided for its liquidation. (McNeal v. City of Waco, 89 Texas, 88; City of Tyler v. Jester, 97 Texas, 344; City of Houston v. Glover, 89 S. W. Rep., 425.) After proving his appointment and qualification to an office the salary of which was fixed at $80 per month, all that was necessary to the recovery of his salary for his term of office was, in the absence of proof that he had been legally discharged, to show that it had not been paid. We therefore overrule appellant's first and second assignments of error.

2. Assignments of error from three to eight inclusive, as well as the twenty-fifth, are predicated upon the refusal of the court to admit in evidence portions of a pamphlet entitled "Rules and Committees of the City Council of the City of San Antonio." We can perceive no materiality to any issue in this case of the testimony offered, and, as none is indicated by the propositions under the assignments, they are overruled.

3. Under assignments of error from nine to twenty inclusive complaint is made of the court's refusal to admit evidence the effect of which was to show that on December 14, 1903, the city marshal presented to the police committee written charges against the plaintiff for quarreling with a brother officer, insubordination and incendiary language; that he was tried upon such charges by the police committee; that on December 17, 1903, the committee presented to the mayor and city council its report on the charges, that they *were sufficient* to order his *dismissal;* that the report of the committee was adopted by the council on February 8, 1904, and that the action of the marshal, police committee and city council was approved by the mayor.

Section 17 of the city charter, which was in force between December 9, 1903, and February 9, 1904, provides that "Any appointive officer . . . may be discharged from service by the mayor for any reason he may deem sufficient, and such appointed officers, . . . unless so dismissed and discharged . . . shall hold their office until the next general city election, and until their successors, if any, shall be appointed and qualified; provided, that no person shall be dismissed or discharged for political reasons, and provided that in case of discharge of any appointive officer by the mayor, the mayor shall file his reasons in writing for such discharge with the city clerk at the time of such discharge, and such reasons shall be open to public inspection, and such discharge shall be approved by a majority of the city council." Therefore, the only

lawful mode of removing a policeman from office was by a discharge by the mayor for reasons in writing filed by him, and the approval of such discharge by a majority of the city council.

When the terms under which the power of amotion is to be exercised are prescribed, they must be pursued with strictness. (1 Dil. Mun. Corp., sec. 245; 2 Am. & Eng. Ency. Law, 313.) Here the power to remove a policeman from office was vested in the mayor to be exercised in a certain manner, and his act of discharging such officer was required to be approved by the majority of the city council. The council, nor a committee composed of any of its members could discharge him. The council could only approve and render effective the act of the mayor in discharging an appointive officer when done in compliance with the provision of the charter quoted. It is shown beyond question that the mayor never did discharge or attempt to dismiss the plaintiff from his office by the mode prescribed or in any other manner. If, then, all the evidence referred to in these assignments had been introduced it would have been of no avail to the defendant. Hence the court did not err in excluding it.

4. The issue in this case was, had the plaintiff been discharged from his office, and not whether he was guilty of a charge which showed him unfit to serve on the police force of the city. Therefore, the evidence, the exclusion of which is complained of in the twenty-first and twenty-second assignments, was foreign to the issue and inadmissible.

5. As the old charter of the city of San Antonio was a public Act of which judicial notice was required to be taken, appellant could not have been prejudiced by the court's failure to admit in evidence section 230 thereof, as is complained of in its twenty-third assignment of error. Besides, we can perceive no relevancy of it to any issue in this case.

6. What we have said in the third paragraph of these conclusions is applicable to the twenty-fourth assignment of error and shows that it is not well taken.

7. Since it was shown that the salary for plaintiff's office was fixed by ordinance at $80 per month, we can perceive no injury to appellant from his being allowed to testify that the city paid him a salary of $80 per month; but we do not think that he should have been allowed to testify that he understood his allowance for clothing was $22.50 for every six months; and as there was no proof of the value of the clothing for which he alleged an allowance has been made, we do not believe he was entitled to recover anything for such an allowance.

There was no error in entering judgment against appellant for the full amount of his salary from the date of his alleged discharge up to the expiration of two years from the date of his original appointment; but as the judgment was for $1,480.82, it is in excess of the amount he was entitled to, as is shown from our conclusions of facts. Therefore, such excess ($174.16) will be deducted from the judgment and with such deduction it will be affirmed, with costs of appeal against appellee.

### ON REHEARING.

In this motion it is said that "the facts found by this court show that appellee was appointed March 2, 1903, patrolman at a fixed salary of

$80 per month, and that he was illegally discharged December 13, 1903."
This statement of our findings is correct. Appellee then says, "his ap-
pointment was for two years, and the unexpired term of his office was
one year, five months and eighteen days, which, at $80 per month
amounts to $1,460.66 2-3;" and he asks that the judgment be so cor-
rected as to allow him that amount. There is an error in the amount
of judgment, but it is in favor of appellee. The unexpired term of his
office, as appears from our findings, was fourteen months and eighteen
days, which, at $80 per month, would make only $1,168 due him on his
salary. Therefore the error, called to our attention by the motion, is
corrected so as to allow him only that sum, with interest thereon from
date of judgment in the court below. With this correction, the motion is
overruled.

*Affirmed.*

Writ of error refused.