## COULTRESS v. CITY OF SAN ANTONIO et al. (No. 3516.)

(Supreme Court of Texas.  June 21, 1916.)

1. COURTS ☞209(2)—PREVIOUS CONFLICTING DECISIONS—MANDAMUS.

Upon motion for rehearing in a suit for mandamus to require certification of decision, under Rev. St. art. 1623, by a Court of Civil Appeals upon the ground of conflict with the decision of another Court of Civil Appeals, the Supreme Court will not consider as a basis of conflict any decision not mentioned in the petition for mandamus.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 765; Dec. Dig. ☞209(2).]

2. COURTS ☞247(7)—CERTIFICATION TO SUPREME COURT—CONFLICT.

Under Rev. St. art. 1623, providing that where a Court of Civil Appeals arrives at a decision in conflict with the prior decision of another Court of Civil Appeals, it shall certify the question of law with the record to the Supreme Court for adjudication, mandamus to require certification on the ground of conflict cannot be based on conflict between decisions of the same court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 752; Dec. Dig. ☞247(7).]

3. COURTS ☞247(7)—RIGHT TO—EQUITIES.

In determining whether the Supreme Court shall require a certification of a decision by a Court of Civil Appeals, under Rev. St. art. 1623, on the ground that it conflicts with the decision of another court, equitable considerations, showing that petitioner has been denied some rights, cannot be considered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 752; Dec. Dig. ☞247(7).]

On rehearing. Denied, and former opinion affirmed.

For former opinion, see 179 S. W. 515.

HAWKINS, J. In this action, for mandamus only, we are not called upon to decide, and have not undertaken to determine, and do not decide, whether any of the decisions of the several Courts of Civil Appeals in City of Houston v. Albers, 32 Tex. Civ. App. 70, 73 S. W. 1085, City of Paris v. Cabiness, 44 Tex. Civ. App. 587, 98 S. W. 925, and City of San Antonio v. Coultress, 169 S. W. 918, was correct. The real and only issue before us is, Does the decision in said Coultress Case conflict, upon any question of law, with either of said other decisions? And that defines the full extent of our jurisdiction in the premises.

Whether the petition in the last-mentioned case was substantially like the petition in both or either of the two other cases is not the controlling inquiry. In determining the issue involved we must consider the cases as a whole, including the city charters, the ordinances in issue, if any, and the facts, and not simply the petitions only. Upon consideration, accordingly, of relator's motion and supplemental motion for a rehearing we find no statutory conflict in the decisions mentioned, and we adhere to our former views denying the writ.

Relator insists that the provisions of the

Paris charter relating to the establishment of the police force (Special Laws of 1889, p. 112; 9 Gammel p. 1347) were to the same legal effect as the corresponding provisions of the San Antonio charter, and call our attention to section 24 of the Paris charter, which section seems not to have been quoted or mentioned by the Court of Civil Appeals in the Cabiness Case, or by us in our original opinion in this case.

Whether said provisions of said two charters are to the same legal effect, and whether the Paris charter required that the establishment of the police force should be "by ordinance," are questions which, perhaps, are immaterial in this action; but we incline to the view that the Paris charter did not so require, and, in any event, we decline to hold herein that the decision of the decision of the Court of Civil Appeals at Dallas to that effect, in the Cabiness Case, was erroneous.

Whatever may be the proper construction of the applicable provisions of the Paris charter and of the San Antonio charter, respectively, the fact remains that the two Courts of Civil Appeals construed them differently, one holding that the San Antonio charter did, and the other that the Paris charter did not, require that the establishment of the police force should be by ordinance of the city; from which it is evident that the fundamental difference between those decisions was as to the legal effect of the charters, respectively, rather than as to the mere sufficiency of petitions.

Relator's petition for mandamus does not specifically allege conflict in constructions placed upon similar charters, or conflict as to the sufficiency of similar city ordinances under similar charters, but does, in effect, allege conflict as to the sufficiency of what he alleges to be substantially similar petitions; and the questions which we are asked to have certified were framed accordingly.

Moreover, in the San Antonio Case Coultress sought to have his appointment upheld by virtue of an ordinance which the Court of Civil Appeals held to be not in compliance with charter requirements; but the Cabiness Case, under the Paris charter, did not involve, on appeal, any issue or decision concerning the sufficiency of any city ordinance, none creating a police force, or the office of policeman, having been enacted by the city council, so far as shown; and, likewise, the Albers Case, under the Houston charter, did not present, upon appeal, any issue or express decision as to the sufficiency of any city ordinance.

The supplemental motion avers that, whereas the Court of Civil Appeals in said Coultress Case held the city ordinance relied upon insufficient in that it did not definitely fix the number of policemen, that same court, "in several lengthy and carefully considered opinions held the same ordinance valid, and permitted the policemen to recover their money under identical circumstances with those of Coultress. See the following cases, to wit: City of San Antonio v. Serna, 45 Tex. Civ. App. 341, 99 S. W. 875; City of San Antonio v. Beck, 101 S. W. 263; City of San Antonio v. Tobin, 101 S. W. 269; City of San Antonio v. Bodeman, 163 S. W. 1043."

[1] Even though it should be assumed or found that said averment correctly reflects the effect of said four decisions, (a point upon which we express no opinion), still, for two reasons, neither of them can now be considered, in this action, as grounds of "conflict":

1. They were not presented in relator's petition for mandamus. Upon motion for rehearing in a suit for mandamus to require certification, under R. S. art. 1623, by a Court of Civil Appeals, upon the ground of conflict in decisions, this court will not consider, as a basis of such conflict, any decision not mentioned in the petition for mandamus.

[2] 2. Said four decisions are by the same Court of Civil Appeals which rendered said decision in the Coultress Case, and not by "some other Court of Civil Appeals." Article 1623, R. S.; Smith v. Conner, 98 Tex. 434, 84 S. W. 815. Very candidly relator's counsel concede that reversal by a Court of Civil Appeals of one or more of its own former decisions upon a question of law does not constitute "conflict" under our statute; but, in that connection, and for the sake of equity, we are asked to resolve in favor of relator any doubt which we may entertain as to the existence of statutory conflict charged by the petition for mandamus. We have no such doubt; and, as stated in our original opinion, the writ of mandamus issues, in such matters, only where the conflict is clear and the duty of the Court of Civil Appeals to certify the question of law involved is correspondingly plain.

[3] Said supplemental motion avers, also, as part of relator's plea for equity, that when his petition in said Coultress Case was filed in the trial court, and, in addition to the ordinance which in that case was held insufficient, there existed certain city ordinances of dates December 4, 1905, August 5, 1907, and September 3, 1912, fixing a definite number of policemen, which relator now indicates he would have pleaded had his case been remanded by the Court of Civil Appeals to the trial court. Manifestly this new and extraneous matter cannot be considered by us herein for any purpose. Whatever difficulties or equities, if any, may inhere in the situation, we cannot deal with them in this action.

The motions are overruled.