ED GROTE V. HONORABLE P. R. PRICE, CHIEF JUSTICE, ET AL.

No. 7897. Decided June 17, 1942.
Rehearing overruled July 22, 1942.
(163 S. W., 2d Series, 1059.)

*Joe J. Alsup, John J. Pinchinson* and *Dean B. Kirkham,* all of Corpus Christi, for relator.

*R. R. Smith,* of Jourdanton, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a petition for a writ of mandamus against the Court of Civil Appeals for the Eighth Supreme Judicial District, at El Paso, to require them to certify the questions of law involved in a plea of privilege case.

The petition shows that the suit was filed by the relator, Ed Grote, in Nueces County, against J. C. Minus, of Bexar County, Texas, and Service Finance Corporation, a Delaware corporation doing business in Texas, with its principal office in Bexar County, Texas, to recover damages for an alleged libel and slander. On April 28, 1939, Minus filed a statutory plea of privilege to be sued in Bexar County, the county of his residence. On the same day Service Finance Corporation filed a petition and bond for removal of the cause to the United States District Court, and the State court entered an order of removal. Thereafter, on May 18, 1939, plaintiff having filed no controverting plea within the five days required by Article 2007, Vernon's Ann. Civ. Statutes, the State court entered an order transferring the case to Bexar County "if and when said cause is remanded to this Court by the United States District Court." The record remained in the federal court until April 29, 1940, when it was remanded to the State court on the ground that the federal court was without jurisdiction because the suit was for tort and no diversity of citizenship existed, one of the defendants being a citizen of Texas, and the action not being separable. On May 1, 1940, only two days after the cause was remanded, plaintiff filed a plea controverting the plea of privilege. If the time the record remanded in the federal court be not counted, this plea was within the five-day period allowed for the filing of such pleas; otherwise it was not. Thereafter the State court granted plaintiff's motion to "countermand" the order of May 18, 1939, transferring the case to Bexar County, and heard the plea of privilege on its merits. Upon hearing, an order was entered overruling the plea, from which defendant Minus appealed to the Court of Civil Appeals. That

court reversed the order and remanded the cause with instructions that it should be transferred to Bexar County. See 154 S. W. (2d) 140.

■ In a proceeding of this nature this Court has no jurisdiction to compel the Court of Civil Appeals to certify questions of law for our determination unless the decision of the Court of Civil Appeals is in conflict with the holding of the Supreme Court or some Court of Civil Appeals upon a question of law necessary to the decision. Rule 462, Texas Rules of Civil Procedure; Harris v. Willson, 122 Texas 323, 59 S. W. (2d) 106; Wright v. Dunklin, 132 Texas 188, 123 S. W. (2d) 301, syl. 5. Consequently, in order to determine whether we have jurisdiction, we must first determine whether such a conflict exists.

As we interpret the opinion of the Court of Civil Appeals, it holds that the pleadings in the case clearly showed that the federal court had no jurisdiction because it affirmatively appeared therefrom that the controversy was not separable and the required diversity of citizenship did not exist. It holds that under such circumstances the State court never lost jurisdiction, and the attempted removal of the case to the federal court did not excuse plaintiff from filing his controverting plea within the required five days after appearance day. From such holding the Court of Civil Appeals concluded that the State court had no authority to enter any order except to transfer the case to Bexar County.

Plaintiff, who is the relator in this proceeding, contends that this holding is in conflict with the opinion of this Court in Texas & P. Ry. Co. v. Davis, 93 Texas 378, 55 S. W. 562. In that case the required diversity of citizenship existed, and this Court found that the petition for removal was sufficient to show the jurisdiction of the federal court. However, the State district court refused to remove the cause and proceeded with the trial. Thereafter the federal court remanded the cause to the State court, for reasons not stated in the opinion. This Court held that the filing of the petition and bond for removal tolled the jurisdiction of the State court, and although its jurisdiction was restored by the remanding order, such order did not have the effect of giving life to a judgment that was rendered in the court at a time it had no jurisdiction, and making that valid which was void. Chief Justice Gaines, writing the opinion of the Court, said:

"The rule now well established is that the seasonable filing of a sufficient petition for removal, accompanied by a sufficient bond, tolls the jurisdiction of the State court, and transfers it eo instanti to the United States court."

He quoted the following from National Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. ed. 87:

"Upon the filing, therefore, of the petition and bond—*the suit being removable under the statute*—the jurisdiction of the State Court absolutely ceased, and that of the Circuit Court of the United States immediately attached. The duty of the State Court was to proceed no further in the cause. Every order thereafter made in that court was coram non judice, unless its jurisdiction was actually restored. It could not be restored by the mere failure of the Company to file a transcript of the record in the Circuit Court of the United States within the time prescribed by the statute." (Emphasis ours.)

■ From the above analysis of the two opinions it is clear to us that they are not in conflict. The rule laid down by the Court of Civil Appeals in the present case is that where it appears from the face of the record that the case is clearly not removable, the State court does not lose jurisdiction. In the Davis case, it was held that where the case is removable, and a sufficient removal petition and bond are filed, the State court loses jurisdiction. The facts of the two cases are not similar, neither is there any conflict in the rules of law announced. Consequently, we are without jurisdiction to grant the writ prayed for.

The petition for a writ of mandamus is refused.

Opinion delivered June 17, 1942.

### ON MOTION FOR REHEARING.

In his motion for rehearing relator calls attention to the fact that the holding of the Court of Civil Appeals in the instant case is in conflict with the holding of the Courts of Civil Appeals in the following cases: Bishop-Babcock Sales Co. v. Lackman, 4 S. W. (2d) 109 (writ dismissed), and Llanez v. Chisos Mining Co., 285 S. W. 646. However, neither of these cases was called to the attention of the Court of Civil

Appeals in the motion to certify, nor was either of them presented as a conflicting opinion in the petition for writ of mandamus in this Court.

■ The right to a writ of mandamus to require a Court of Civil Appeals to certify a conflict is not intended as a substitute for an appeal. Such right was granted exclusively by Article 1855, Revised Civil Statutes of 1925, which is now Rule 462, Texas Rules of Civil Procedure. Under prior decisions of this Court it is well settled that such right is limited to cases in which it is the clear duty of the Court of Civil Appeals to so certify such conflicts. Smith v. Conner, 98 Texas 434, 84 S. W. 815; Coultress v. City of San Antonio, 108 Texas 150, 179 S. W. 515, 187 S. W. 194; Garitty v. Rainey, 112 Texas 369, 247 S. W. 825; 11 Tex. Jur. 899.

■ Rule 465, Texas Rules of Civil Procedure, contemplates that the Court of Civil Appeals shall first be requested by motion to certify the conflict. This is for the purpose of calling the Court of Civil Appeals' attention to the conflict and to the necessity for certifying same. Under Rule 462, Texas Rules of Civil Procedure, the Court of Civil Appeals is required to so certify such conflict only when such court *"refuses* to concur with the opinion rendered by the Supreme Court or such Court of Civil Appeals" in a previous decision. (Italics ours.) It is apparent from the above that the Court of Civil Appeals would not be in the attitude of having *refused* to certify a conflict which had not been called to its attention.

■■ Moreover, the petition for mandamus in this Court must cite the case claimed to be in conflict with the decision of the Court of Civil Appeals and definitely point out wherein the facts of the case cited are materially the same and wherein the holding conflicts. Harris v. Willson, 122 Texas, 323, 59 S. W. (2d) 106, syl. 4. In the analogous case of an application for writ of error in a cause within the jurisdiction of the county court, see City National Bank v. Phillips Petroleum Co., 124 Texas 456, 78 S. W. (2d) 576. Upon motion for rehearing this Court will not consider any decision not mentioned in the petition for mandamus. Coultress v. City of San Antonio, 108 Texas 150, 187 S. W. 194.

In his motion to certify, the only decision relied upon by relator to establish a conflict was Texas & P. Ry. Co. v. Davis,

93 Texas 378, 55 S. W. 562. This was also the only case which relator attempted to show in his petition for mandamus involved a similar state of facts. We discussed and distinguished this case in our original opinion. Relator now asserts that this case has been overruled by the Supreme Court of the United States in Metropolitan Casualty Ins. Co. v. Stevens, 312 U. S. 563, 61 S. Ct. 715, 85 L. ed. 1044. Since the determination of this question is not necessary to a decision of the present case, we express no opinion thereon.

■ Our refusal of the writ of mandamus in this case should not be construed as an approval of the holding of the Court of Civil Appeals in the instant case on the question involved therein. We simply hold that the necessary prerequisites have not been complied with so as to authorize the granting of the writ of mandamus prayed for.

The motion for rehearing is overruled.

Opinion delivered July 22, 1942.