**PRAY v. CLEVELAND COMPRESS & SERVICE CO., Inc., et al.**

No. 4216.

Court of Civil Appeals of Texas. Amarillo.

May 7, 1934.

McWhorter & Howard, of Lubbock, for appellant.

Campbell, Myer & Myer, of Houston, and Bean & Klett, of Lubbock, for appellees.

MARTIN, Justice.

Clifford Pray, a resident of Terry county, Tex., brought suit against the First National Bank in Brownfield, Tex., hereinafter called the bank, also a resident of Terry county, Tex., and Cleveland Compress & Service Company, Inc., A. S. Cleveland and Wm. D. Cleveland, Jr., composing the partnership of Wm. D. Cleveland & Sons, residents of Harris county, Tex., alleging a joint conversion of eighteen bales of cotton of the value of $2,-000. The Harris county residents are the appellees in this suit. They duly filed their plea of privilege to be sued in Harris county, the county of their residence, which, being controverted by appellant, was heard by the trial court, who sustained same, from which order this appeal is prosecuted.

We deem it unnecessary to set out appellant's pleadings, as both his petition and his first amended controverting plea sufficiently, we think, stated a cause of action and showed venue in Terry county. Since the disposition of this case will turn upon the sufficiency of the evidence, we find it necessary to state all material parts of same.

In the early part of 1928, appellant shipped eighteen bales of cotton to his order at Houston, Tex., procured a bill of lading at the depot, went to the bank, indorsed same in blank, and asked the bank to forward same to appellees. This was done by the bank with instructions: "Hold for instructions account Clifford Pray," "make returns to us." On April 6, 1928, appellees wrote the bank in part acknowledging receipt of the cotton and containing the statement: "Just received for your account." This cotton was stored in the name of the bank, but apparently appellant was not advised of this for some time afterwards. The bank thereafter did advise appellees that such cotton belonged to appellant, to which on February 12, 1931, they replied, in part, to the bank: "We note you have no interest in cotton shipped by Mr. Clifford Pray and that we may deal directly with Mr. Pray in connection with the cotton." On March 25, 1931, appellees wrote appellant, in part: "We could sell your list of cotton carried in the account of First National Bank at 9.50." On June 1, 1931, thereafter, appellees sold this cotton without any authority or directions from either the bank or Pray, along with nearly one-hundred bales of other cotton belonging to customers of the bank. A claim apparently was made by appellees that the bank owed them a balance on cotton stored by another customer long prior to this time and used part of the proceeds of the sale of this last cotton, including that of appellant, in settlement of such account, and then forwarded the balance of about $300 to the bank, who immediately returned same and advised appellees that this money did not belong to them. It appears that the bank did not receive or claim any of the proceeds of the sale of appellant's cotton. It also further appears that the bank authorized their attorneys to file a suit in Harris county against appellees for a conversion of the cotton aforesaid. It was explained that this was merely to fix liability and was for the benefit of its customers, and that it, in fact, claimed none of the cotton as its own. Upon this state of facts appellant claims that a joint liability was prima facie established against the defendants in his suit.

The legal principles which control the disposition of this appeal are, we think, well settled. Confusion has arisen in the application of these to particular facts, and our problem here, as in most cases, is to properly discriminate between announcements in cases that have no application to this record, and those which rule it. It could serve no useful purpose to analyze and attempt to harmonize these various judicial expressions, and to conserve space we omit any discussion of these and go direct to the one question which will dispose of this appeal.

Manifestly, under the above facts, there could be no cause of action maintained against appellees in Terry county unless and until at least a prima facie case of joint liability is shown against the bank and appellees. This is but another way of saying that the defendants must be shown to be joint tort-feasors. To be such there must be shown some concert of action between them with respect to the alleged conversion, some participation therein by the bank, either actually, or by implication of law, or a ratification or adoption by it of appellees' acts respecting it. 62 C. J. p. 1131. To sustain venue against

appellees, the burden of proof was upon appellant to show prima facie at least the truth of the allegations made in his said controverting affidavit. Yantis v. Gilliam (Tex. Civ. App.) 62 S.W.(2d) 173; Graves v. Buzbee (Tex. Civ. App.) 45 S.W.(2d) 392. Even if each committed a tort, to sustain a joint action against them there must be shown to be some concert of action or unity of design between, and, if each acted independently of the other, there is no community of liability. Henderson Grain Co. v. Russ (Tex. Com. App.) 64 S.W.(2d) 347, 354. We regard the evidence here as failing to sufficiently show such participation by the bank in the alleged wrongful conversion, or connection therewith, as would require a finding by the trial court that appellants had made a prima facie showing of joint liability. The evidence abundantly supports the implied finding of the trial court that appellant failed to discharge the burden which was his to show that the bank and appellees were joint tort-feasors. Indeed, we think the evidence fails to show either joint or several liability against the bank. No cotton was ever delivered to the bank. Apparently it acted as the accommodation agent of appellant in forwarding his bill of lading and giving instructions. It ought not to be made liable simply because appellees violated these instructions in placing the cotton in storage to the credit of the bank and thereafter selling it without authority. True it instructed appellees to remit the proceeds of its customer's sale to it, presumably for deposit to his account. It received none of the money from the sale of the cotton, and gave no instruction for its sale. It immediately repudiated the sale of the cotton as its property upon receipt of such information, and thereafter instituted suit to "establish responsibility" for the wrongful act of appellees with respect to the cotton of its customers. It seems to have been dilatory in advising appellant of the fact that the cotton had been stored in its name, but did advise appellees of the true ownership thereof long before its alleged conversion. If the bank's said act may be construed as negligent, it contributed in no degree to appellant's loss. If such act did not contribute to such loss or the injury alleged, it cannot be made the basis of an action. 62 C. J. pp. 1133 and 1134. This record conclusively shows that appellees had been advised both by the bank and by appellant of the true ownership of the cotton some months prior to its alleged conversion. The record shows a complete disregard of appellant's rights, but we find nothing which requires the conclusion that the bank was connected with these wrongful acts. If the Legislature had given a litigant the right to maintain suit in his own county against a bailee upon prima facie proof of the commission of the crime of "theft by bailee" of his property in another county, we could sustain his contention, but legislative action is necessary, of course, before we could make any such announcement. It is vigorously contended that the original opinion in the recent case of First National Bank in Dallas v. C. A. Pierce (Tex. Com. App.) 69 S.W.(2d) 756, now pending on motion for rehearing, is exactly in point. This was a case of a joint trespass, and is plainly distinguishable.

Subdivision 4 of article 1995 (Vernon's Ann. Civ. St.), relied on by appellant to authorize venue in Terry county, applies only where the same cause of action exists against two or more parties, one of whom resides in the county were suit is instituted. Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65, 66. To show under this particular record here that the bank was a "necessary party," as that term is used in subdivision 29a of article 1995, it was incumbent upon appellant to prove a joint liability, it appearing that no part of the cause of action arose in Terry county. Commonwealth Bank & Trust Co. v. Heid Brothers (Tex. Com. App.) 52 S.W.(2d) 74.

The judgment is affirmed.