## BENDER v. ARMSTRONG.
### No. 1639.

Court of Civil Appeals of Texas. Waco.
Nov. 21, 1935.

C. S. Bradley, of Groesbeck, and Slay & Simon, of Ft. Worth, for appellant.

O. F. Watkins, of Mexia, and L. W. Shepperd, of Groesbeck, for appellee.

GALLAGHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege. It is the second appeal in the case. The opinion of the court on the first appeal is published in (Tex.Civ.App.) 59 S.W.(2d) 451. The pleadings are the same as on such former appeal. Appellee, J. E. Armstrong, plaintiff in the court below, instituted this suit against the National Pipe & Supply Company, S. Bender, M. Anisman and appellant, B. Bender, to recover the sum of $1,777.25 which he alleged was due him for pulling pipe from eight abandoned oil wells in Freestone county. The parties will be designated as in the trial court. Citations to defendants National Pipe & Supply Company and B. Bender were issued to Dallas county and there served on B. Bender as agent of said company and as an individual. A nonresident notice of the suit was issued and served on S. Bender and M. Anisman in Shreveport, La. On the same day the suit was filed a writ of attachment, commanding the sheriff of Limestone county to seize property of all the defendants sufficient to satisfy the plaintiff's demand, was issued, and levied by such sheriff on six trucks loaded with oil well machinery. It seems to be conceded that the defendants S. Bender and M. Anisman filed answers to the merits, but the same are not found in the transcript. No answer was filed by or for the Natioinal Pipe & Supply Company. B. Bender filed a plea of privilege, in which he alleged that he resided in Dallas county and denied venue in Limestone county. Plaintiff controverted said plea of privilege. The specific grounds set out in his controverting affidavit were as follows: (1) One or more of the defendants in the cause were nonresidents of the state, and therefore they and the other defendants could be properly sued in Limestone county because plaintiff resided therein; (2) one of the defendants was a private corporation, association, or company, doing business in said county, and the cause of action arose therein; (3) the defendant B. Bender was a transient person; (4) the nonresident defendants, S. Bender and M. Anisman, each had property in said county which might be brought within the jurisdiction of the court.

Both parties introduced testimony at the hearing on said plea, and the court overruled the same.

## Opinion.

■ Defendant, by appropriate assignments of error, assails the action of the court in overruling his plea of privilege. The issues raised by said assignments and the contentions by which plaintiff seeks to sustain the action of the court vary only slightly from such issues and contentions in the former appeal. We therefore refer to our opinion on that appeal, published as aforesaid. In our discussion in said former opinion of plaintiff's contention that the defendant was properly sued in Limestone county because one or more of the other defendants in the suit none of whom resided therein, were nonresidents of the state, we cited cases holding that suit could not be maintained against a resident of the state residing in another county on the sole ground that the plaintiff resided in the county in which such suit was brought and other defendants resided without the state. We did not find it necessary to determine in that case whether the provision of subdivision 29a of article 1995 of our venue statute (Vernon's Ann.Civ.St. art. 1995, subd. 29a) that where a suit is lawfully maintainable in the county in which it was filed under any subdivision of said article, it could be maintained against all necessary parties thereto regardless of residence, would change the rule announced in the authorities so cited, because plaintiff had failed to show a common cause of action against all the defendants, and that B. Bender was a necessary party to a suit thereon. To constitute such showing the facts relied on must be pleaded and proved. Richardson v. Cage Co., 113 Tex. 152, 156, 252 S. W. 747. Plaintiff, at the last hearing, submitted testimony tending to show such a cause of action. Defendant apparently concedes the sufficiency of the same, but attacks the order overruling his plea on the ground that the same is not supported by the allegations of plaintiff's controverting affidavit. Plaintiff's allegations in said affidavit amount, in effect, to an assertion that his cause of action, the nature of which is not disclosed, arose in Limestone county, and that his suit was against several defendants, some of whom were nonresidents. Nowhere in such affidavit do we find facts alleged sufficient to constitute a cause of action against defendant, nor a joint cause of action against him and either of the nonresident defendants.

■ The affidavit controverting a plea of privilege is, under our statute, a sworn pleading, and unless such affidavit makes the petition a part thereof, it must be tested by its own allegations unaided by the petition. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347, 351, pars. 2 to 4, and authorities there cited. The plaintiff is therefore required to embody in his controverting affidavit allegations setting out specifically the facts relied upon to show venue of his cause of action in the county in which the same is pending. Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W. (2d) 495, 497, par. 2, and authorities there cited. The facts so alleged must be sufficient to constitute a joint cause of action against the defendant urging the plea of privilege and one or more of the other defendants against whom the suit is properly prosecuted in such county under one or more of the provisions of said article of our venue statute. Jaffee v. Walkup (Tex.Civ. App.) 2 S.W.(2d) 480; Duffy v. Cole, supra; Henderson Grain Co. v. Russ, supra.

■ Plaintiff's controverting affidavit being amendable, the situation involves the determination of plaintiff's right to maintain this suit in Limestone county under the provisions of said subdivision 29a because he resides therein and one or more of the defendants reside without the state. Said subdivision was enacted in 1927 (Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann. Civ.St. art 1995, subd. 29a) and became effective in August of that year. All the cases cited in our former opinion in this case were decided before said subdivision took effect, except United States Gas & Oil Co. v. Duffy (Tex.Civ.App.) 8 S.W.(2d) 278, and that case was decided so soon after the effective date of said subdivision as to indicate that the hearing in the trial court was before such date. The Commission of Appeals, in Henderson Grain Co. v. Russ, supra, 122 Tex. 620, 64 S.W.(2d) 347, at page 353, par. 10, construed said subdivision. We quote therefrom as follows: "Prior to the statement [enactment] of subdivision 29a there were many cases where the law made no provision by which another defendant, although a necessary party, could be brought into the suit if it was filed outside the county of his residence, or the residence of a codefendant. This makes it clear to us that the purpose and intent of subdivision 29a is to remedy this condition so as to provide that in a case where a defendant is sued outside the coun-

ty of his residence, and venue as to him is fixed by some other subdivision of the statute than subdivision 4, any other nonresident necessary party defendant can be brought into the suit." Such construction is applicable in this case and plaintiff will be entitled to maintain this suit in Limestone county if he pleads and again proves that he has a joint cause of action against defendant B. Bender and one or more of his nonresident codefendants.

The discussion in our former opinion of the other issues involved in this appeal is deemed sufficient to render further expression thereon unnecessary.

The order of the court overruling the plea of privilege herein is reversed, and the issue remanded for further hearing.