**KENNELL et al. v. KNOX et al.**

No. 9776.

Court of Civil Appeals of Texas. Austin.

June 1, 1949.

John A. Croom and Sam G. Croom, of Houston, for appellants.

Price Daniel, Atty. Gen. of Texas, Ned McDaniel and Chas. E. Crenshaw, Asst. Atty. Gen., of Austin, for appellee Board of Ins. Com'rs of Texas.

Renne Allred, Jr., of Austin, for appellee Will G. Knox, Rec'r.

ARCHER, Chief Justice.

This is an appeal from the order and judgment of the District Court of Travis County, Texas, 53rd Judicial District, overruling the plea of privilege of R. C. Kennell and A. V. Cross, Jr., appellants herein, to be sued in Harris County, Texas, the county of their residence. A jury was impaneled in the trial court to try the venue facts. At the conclusion of the evidence the trial court granted a motion of the plaintiffs (appellees herein) to discharge the jury and to overrule the plea of privilege of the defendants, R. C. Ken-

nell and A. V. Cross, Jr., (appellants herein) and to sustain the controverting plea of the plaintiffs. Accordingly, judgment was entered overruling said plea of privilege of the defendants, R. C. Kennell and A. V. Cross, Jr.

On January 24, 1947, Texas General Underwriters, Houston, Texas, operating under Arts. 5024 to 5033, V.A.C.S. of Texas, was placed in liquidation by order of the Board of Insurance Commissioners of the State of Texas, and subsequently on January 28, 1947, its affairs were placed in the hands of Will G. Knox, Receiver, under an appropriate order of the District Court of Travis County, Texas, 53rd Judicial District, in that certain cause, styled State of Texas v. Texas General Underwriters, being cause No. 76,873 on the docket of said court.

Thereafter, on March 11, 1948, the Board of Insurance Commissioners entered an order reciting that upon examination of the records of Texas General Underwriters by the Receiver there was evidence of a wrongful abstraction and wilful misapplication of funds by the attorney-in-fact, Julius M. Rosenstock, in the sum of $35,-693.71, by reason of the attorney-in-fact withholding attorney-in-fact fees on unearned premiums; and further reciting that notice had been given U. S. Trust and Guaranty Company of the probability of loss on bond of $25,000 made by Julius M. Rosenstock as principal and said company as surety, and said order further directing that all evidence be turned over to the Attorney General of Texas for examination and such legal action as may be deemed proper.

Thereafter, in the receivership proceedings, being cause No. 76,873 on the docket of the District Court, 53rd Judicial District of Travis County, Texas, styled The State of Texas v. Texas General Underwriters, the Board of Insurance Commissioners intervened and, joined by Will G. Knox, Receiver for Texas General Underwriters, filed suit against Julius M. Rosenstock, U. S. Trust and Guaranty Company, R. C. Kennell, and A. V. Cross, Jr., said suit being against signatory parties on the $25,000 bond signed by Julius M. Rosenstock, as principal, and U. S. Trust and Guaranty Company, as surety, and against Julius M. Rosenstock, R. C. Kennell, and A. V. Cross, Jr., for a total sum of $37,137.39 alleged to be owing by virtue of the cancellation of all outstanding policies issued by Texas General Underwriters on or about January 28, 1947. Said suit seeks a refund from Julius M. Rosenstock, the attorney-in-fact of Texas General Underwriters, and from R. C. Kennell and A. V. Cross, Jr., the general agents of the attorney-in-fact, of the unearned commissions of the attorney-in-fact as of the date of the cancellation of all outstanding policies issued by Texas General Underwriters brought about by said receivership proceeding on January 28, 1947.

The indemnity bond, signed by Julius M. Rosenstock, as principal, and U. S. Trust and Guaranty Company, as surety, was payable in Travis County, Texas.

The defendant Julius M. Rosenstock entered his appearance in the receivership proceedings, but made no appearance in the present suit; defendants Kennell and Cross filed pleas of privilege to have the cause remanded to Harris County, their residence; controverting plea was filed and the cause was heard before the court and jury, with the results as herein first stated.

The appellants predicate their appeal on six points urged as error.

The claim of $37,174.22 herein sued upon arises in the following manner:

On or about January 28, 1947, the date of the receivership proceeding, notices were mailed to the holders of all outstanding policies issued by Texas General Underwriters cancelling said policies. Theoretically, all of these policies were cancelled on a pro-rata basis as of January 28, 1947. It later developed that the total unearned premiums on the policies on a pro-rata basis that were cancelled aggregated $148,-696.88. In this suit the appellees are claiming that Rosenstock, Kennell and Cross are jointly and severally liable for 25% of said sum of $148,696.88, or $37,174.22, being the unearned commissions of 25% of the total unearned premiums. Under the authority of the General Agency Agreement,

Kennell and Cross had deducted 20% from all premiums written and later 16-2/3% from all premiums written.

The appellees contend that venue is prop-, erly in Travis County as against all named defendants, (1) because of the execution by Rosenstock and the surety company of the $25,000 fidelity bond, which was payable in Travis County unto the Board of Insurance Commissioners of the State of Texas, conditioned—

"* * * if the said Julius M. Rosenstock (principal and attorney-in-fact) shall during the effective term of this bond and while holding such position as attorney-in-fact commit any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication, of either money or property or both, belonging to said Exchange, such act or acts being committed directly and in person by said Principal or indirectly through connivance with others, * * *"; and (2) that Kennell and Cross assumed the obligations of Rosenstock, either under the bond or the subscriber's agreement; (3) that the defendants Kennell and Cross and Rosenstock were engaged in a joint enterprise; and (4) finally that Kennell and Cross are necessary parties because they are alleged to have misapplied money which appellees contend the bond covered.

We believe that the court was in error in overruling the plea of privilege of Kennell and Cross, and that venue as to them is in Harris County, Texas.

It is obvious, the bond being payable in Travis County, that the bonding company and Rosenstock are properly suable in Travis County, but defendants Kennell and Cross never signed the indemnity or the subscriber's agreement, and are not liable thereon.

On August 29, 1945, Rosenstock wrote the following letter:

"Board of Insurance Commissioners
"Austin, Texas

"Attention: Mr. Sorrell
"Gentlemen:

"Mr. Cross has told me of his conversation with you about the Texas General Underwriters. I am only too glad to coop-

erate with the department and comply with their requests, as well as, to have Mr. Cross manage the Exchange.

"I understand that the Board of Insurance Commissioners are to have a hearing in connection with the Exchange. I would appreciate your advising me at what date the hearing is to be so Mr. Cross and myself can arrange to be present. In this way, we can get the information and procedure the Board desires and properly write the policies that have just been renewed for the cab companies and make what adjustments are necessary. We await your instructions.

"Very truly yours,
"Texas General Underwriters
"By /s/ J. Rosenstock."

The following memorandum, in longhand, written by A. V. Cross, Jr., appears to have the same wording as the letter above quoted:

"Dear Mr. Sorrell:

"Mr. Cross has told me of his conversation with you about the Texas General. I am only to glad to cooperate with the department and comply with their requests as well as to have Mr. Cross to manage the exchange. I understand that the Board of Insurance Commissioners are to have a hearing in connection with the Exchange. I would appreciate your advising me at what date the hearing is to be so Mr. Cross and myself can arrange to be present. In this way we can get the information and proceedure the Board desires and properly write the policies that have just been renewed for the cab companys and make what adjustments are necessary. We await your instructions.

"Very truly yours,
"Texas General Underwriters
"Atty in Fact."

On January 22, 1946, A. V. Cross, Jr., wrote the Collector of Internal Revenue:

"Collector of Internal Revenue
"Austin, Texas.

"RE: Final Return
"Gentlemen:

"Please find enclosed Social Security Form SS–1a for the quarter ending De-

cember 31, 1945, with check for the total tax.

"This reports the final return of the Texas General Underwriters as Kennell-Cross & Co., through a managerial contract, will pay all salaries in connection with the operation of the Texas General Underwriters and will report said salaries on their return to your office.

"Very truly yours,
"/s/ A. V. Cross, Jr."

We do not believe that these letters and memorandum constituted an agreement in writing on the part of Kennell and Cross to assume or pay any obligation of Rosenstock in Travis County. There being no liability on the bond, there is no cause of action against Kennell and Cross as necessary parties under Subdivision 29a of Article 1995. In Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 775, the rule is stated as follows, "if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties"—complete relief by judgment could be rendered in the cause against Rosenstock without the presence of Kennell and Cross. Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894.

In Tarrant et al. v. Walker, 140 Tex. 249, 166 S.W.2d 900, 901, it is held:

"Subdivision 29a, supra, is purely ancillary to other exceptions to Article 1995, and can never be invoked to fix venue in a given county independent of some one of those exceptions. It relates only to suits brought in a county where no defendant resides or is domiciled, but which can be maintained there against one defendant under some other exception of that article. Pioneer Building & Loan Ass'n v. Gray, supra [132 Tex. 509, 125 S.W.2d 284]; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347."

The appellees rely generally on Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265. In this case the venue was maintainable as against Empire Gas & Fuel Company because the relinquishment statute fixed venue in Travis County, and further the Empire Company was a foreign corporation and Tippett was actually the agent of the State and had executed the lease, and the money was payable to the State at Austin under Art. 5381, V.A.C.S., and Tippett was a necessary party in order that complete relief could be had.

Therefore, it is our conclusion that the order overruling the plea of privilege of R. C. Kennell and A. V. Cross, Jr., should be reversed and the cause remanded with instructions to transfer the case as to them.

Reversed and remanded, with instructions.