### CLINGINGSMITH v. SHEER et al.
#### No. 14307.

Court of Civil Appeals of Texas. Dallas.
March 2, 1951.

Rehearing Denied April 6, 1951.

Ungerman, Hill & Ungerman and Arthur S. Goldberg, all of Dallas, for appellant.

Saunders & Thurmond, of Tyler, for appellees.

YOUNG, Justice.

This is a venue case; Clingingsmith, trading as General Wholesale Jewelry Company, having brought suit in Dallas County against Bill Sheer, a resident of Cook County, Illinois (but presently located in Dallas County, Texas) and F. P. Case, trading as Case Pawn Shop of Tyler, Smith County[1] for possession of a quantity of merchandise (jewelry), or, alternatively, in damages for conversion of such property. Allegations of petition in part were that defendant Case was in possession of a portion of the merchandise, claiming some right, title, or interest therein, but which claim was inferior to the rights of plaintiff. Through a writ of sequestration issued out of Dallas County District

---

1. Citizens National Bank of Tyler joined as defendant; was later dismissed from the suit under its disclaimer.

Court, the sheriff of Smith County took certain items of the property from possession of F. P. Case, who thereupon repossessed same by filing a replevy bond. On hearing of plea of privilege interposed by defendant Case, and plaintiff's controverting affidavit claiming venue under subds. 3, 7, 9, and 29a of Art. 1995, Vernon's Ann.St., the plea was sustained and entire cause transferred to Smith County District Court; plaintiff duly perfecting his appeal.

The record is here on findings of fact and conclusions of law made on request of plaintiff; the substance of which must first be stated: That on or about April 6, 1949 plaintiff delivered to defendant Sheer on consignment all the property described in petition under an agreement that the latter was to account for same within 45 days; Sheer representing that he intended to go to West Texas and Oklahoma for purpose of selling the merchandise. Said representations, made to plaintiff at his office in Dallas, Texas, were believed and relied on by him; that on April 7, 1949 Sheer delivered to F. P. Case in Tyler, Texas, a portion of the property (fifty diamond rings of various kinds valued at $4,139.50) as security for a loan of $1,000, defendant Case giving to Sheer a pawn ticket evidencing the loan, the latter agreeing to pay interest thereon at 5% per month; that the property so delivered to Case was contained in a black tray with top of a type customarily used by jewelry salesmen, each ring having attached thereto a small tag describing style, number and price, which was the usual method of designation among wholesale jewelers, together with suggested retail price noted on each tag. On these findings the court sustained the venue plea of F. P. Case, transferring the cause to place of his residence, Smith County.

It is evident that plaintiff relies for retention of venue primarily upon secs. 3 and 29a of Art. 1995, Vernon's Ann.St., which provide: (3) "If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides." (29a) "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein * * * as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." No cases cited by appellant in support of his several points involve the provisions of subd. 3 in connection with 29a, but relate to other subdivisions—for instance, mortgage liens and notes payable in a given county. Here it should be observed that there were no allegations in plaintiff's petition or court findings of any knowledge by Case concerning the origin or ownership of this jewelry, or that he was a party to any conspiracy to defraud the plaintiff, either in Dallas or Smith County. On the other hand and on basis of the findings above set forth, we think that the construction accorded to subds. 3 and 29a, taken together, in Bender v. Armstrong, Tex.Civ.App., 59 S.W.2d 451, 453; Id., Tex.Civ.App., 88 S.W.2d 778, must be considered as controlling.

There the plaintiff Armstrong brought suit in Limestone County on a debt allegedly due for pulling pipe on eight abandoned oil wells located in Freestone County against several defendants, two of whom resided in Shreveport, Louisiana, and one of Dallas County, named B. Bender, whose venue plea to be sued in the latter county had been overruled. In its opinion of reversal and remand the Waco Court held: "Subdivision 3 of the aforesaid article of our venue statutes provides, in substance, that, if one or more of several defendants reside without the state, suit may be brought in the county in which the plaintiff resides. Plaintiff alleged that one or more of the defendants resided without the state, and the testimony showed that both S. Bender and M. Anisman so resided, but it did not show, nor tend to show, the existence of a common cause of action in favor of the plaintiff against said defendants and the defendant B. Bender, who pleaded his privilege of being sued in the county of his residence. Prior to the revision of the statutes, the wording of this particular subdivision clearly excluded any contention that venue was fixed thereby in the county

118

of the plaintiff's residence unless all the defendants, whether one or more, resided without the state. A slight change was made in the language of such subdivision in the revision, but it has been held that the construction and application of same were not affected thereby. (Citing authorities.) Whether such holding is correct need not be determined, because the plaintiff's failure to show *a common cause of action* against all the defendants and that defendant B. Bender was a necessary party to a suit thereon excludes the application of subdivision 29a in determining venue herein." (Emphasis ours.)

■ In final analysis the principal argument of appellant for applicability of subd. 3 centers on the single fact that codefendant Sheer is a nonresident of the State. Subd. 3 further embraces defendants whose residence is unknown. It has been held that such latter fact (unknown residence) without more does not authorize the joinder of another defendant outside of the county of his residence over his objection. Thomason v. Sparkman, Tex.Civ.App., 55 S.W.2d 871; Key v. Mineral Wells Investment Co., Tex.Civ.App., 96 S.W.2d 804. Strongly relied on by appellant is White v. Gamblin, Tex.Civ.App., 203 S.W.2d 1014, which case is distinguishable in that there the parties were all residents of Texas (different counties) and a construction merely of subd. 4, Art. 1995, was involved. And in the same connection we do not think that the instant claim of venue can be successfully bolstered by appellant's ancillary proceeding in sequestration.

Neither are subds. 7 or 9 deemed applicable, appellant tacitly admitting in pleading that if any conversion be involved (fraud, crime, or trespass), same occurred in Smith County where the jewelry was pledged. In point is Pelton's appeal (Pelton v. Powell), Tex.Civ.App., 196 S.W.2d 46, 48, where Powell, a resident of Smith County, was sued in Tarrant County by Pelton, under claim that the former had fraudulently acquired stock, thereby obtaining proxies in a corporation for purpose of electing the corporate officers. In uphold-

ing the plea of Powell to be sued in his home county, the court said: "There being no proof of any cause of action against Powell which would maintain venue in Tarrant County under Sections 7 or 9, and there being no proof * * * of a cause of action against Tarrant County defendants with which Powell was connected by the allegations of the petition, the judgment sustaining the plea of privilege should be affirmed." Likewise in Pray v. Cleveland Compress & Service Co., Tex.Civ.App., 71 S.W.2d 1108, 1110, a bailment case, the conversion occurred in another county, and the court in its judgment sustaining the venue plea, goes on to say: "If the Legislature had given a litigant the right to maintain suit in his own county against a bailee upon prima facie proof of the commission of the crime of 'theft by bailee' of his property in another county, we could sustain his contention, but legislative action is necessary, of course * * *."

■ However, the trial court, having held that the liability, if any, of these defendants was several and not joint, could consistently go no further than to transfer the cause in so far as it concerned the defendant whose plea has been sustained. Tunstill v. Scott, 138 Tex. 425, 160 S.W.2d 65.

■ Judgment of the trial court, to the extent that it grants a change of venue to Smith County, defendant F. P. Case is affirmed; but is reversed with direction that venue in Dallas County be retained as to defendant Sheer where he has already filed answer. Affirmed in part and reversed in part with directions.

On Motion for Rehearing.

We do not regard the conclusions above reached as in conflict with Texas Plains Lodge No. 105 v. Cleghorn, Tex.Civ.App., 207 S.W.2d 109. Seniority rights of the two Lodges under a prior written agreement were there the subject of adjudication. —a matter affecting all parties to the controversy; thus making directly applicable the provisions of subd. 29a, Art. 1995, V. A. S. The motion for rehearing, upon careful examination, will be overruled.