JOHN F. CLINGINGSMITH V. JOEL R. BOND,
CHIEF JUSTICE, ET AL.

No. A-3188. Decided July 25, 1951.
(241 S. W., 2d Series, 616.)

420

*Ungerman, Hill & Ungerman* and *W. M. Hill,* all of Dallas, for relator.

*Saundrs & Thurmond* and *J. Byron Saunders,* of Tyler, for respondent, F. P. Case.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is an original mandamus proceeding brought in this Court by John F. Clingingsmith, relator, to require the Dallas Court of Civil Appeals to certify to this Court certain questions of law involved in Clingingsmith v. Bill Sheer, et al., 239 S.W. 2d 116.

Relator seeks relief here on the grounds that the decision

of the Court of Civil Appeals in the instant case is in conflict with an opinion rendered by the Supreme Court and opinions rendered by other Courts of Civil Appeals, and that under Rule 462, T. R. C. P., the Dallas Court of Civil Appeals is required to certify the requested questions of law involved to this Court.

1 ▪ While this Court has no jurisdiction to compel a Court of Civil Appeals to certify questions of law to this Court unless the decision of such Court of Civil Appeals conflicts with an opinion of this Court or another Court of Civil Appeals, Grote v. Price, 139 Texas 472, 163 S.W. 2d 1059, it does not necessarily follow that, if a conflict exists, this Court will grant the writ of mandamus. Unless this Court be of the opinion that the Court of Civil Appeals rendered an erroneous judgment the writ will not be granted, Simpson v. McDonald, 142 Texas 444, 179 S.W. 2d 239, nor will the motion for leave to file petition for mandamus be granted. Rule 474, T. R. C. P., says: "* * * If the court should be clearly of the opinion that the facts set out in the petition entitle petitioner to the relief sought, the motion will be granted * * *. Otherwise the motion will be overruled."

Since this Court was tentatively of the opinion when the motion for leave to file petition for mandamus was granted that the decision rendered by the Dallas Court of Civil Appeals in this case is in conflict with an opinion of this Court or of another Court of Civil Appeals, and that such decision was erroneous, we now proceed to determine whether or not our tentative opinion was correct.

This suit was instituted by the relator in Dallas County against Bill Sheer, a resident of Cook County, Illinois, and F. P. Case of Smith County, Texas, respondent herein, for the possession of certain jewelry. Relator alleged that he delivered the property in question to Sheer on consignment with the agreement that Sheer was to account for such property within one month and a half after delivery; that Sheer delivered to respondent, Case, a tray of diamond rings, which he had received from relator, valued at $4,139.50 as security for a loan of $1,000.00; that Case gave Sheer a pawn ticket evidencing such loan and delivery of the property and that Case was claiming title to the rings.

Upon filing of the suit, relator secured a writ of sequestration, which writ was levied upon the rings held by Case. Case then executed a replevy bond and regained possession of the rings substituting such bond for the rings.

Sheer was duly served with citation in Dallas County, Texas, and filed his answer in the case. Case filed a plea of privilege seeking removal of the case to Smith County, and subject thereto a general denial. Relator duly controverted the plea of privilege asserting that since venue as against Sheer properly lay in Dallas County by virtue of the provisions of Subdivision 3 of Article 1995, Tex. Rev. Civ. Stat., 1925, venue as to Case also properly lay in Dallas County by virtue of the provisions of Subdivision 29a of the same article.

The trial court sustained the plea of privilege and directed that the entire case be transferred to Smith County. Relator appealed and the Court of Civil Appeals held that as to Sheer venue properly lay in Dallas County, but as to Case the order of the trial court in removing the case to Smith County was affirmed.

■ It is undisputed that as to Sheer venue lies in Dallas County under Subdivision 3, which says: "If one or all of several lefendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides." The dispute in this case is whether or not venue lies in Dallas County as to Case by virtue of Subdivision 29a, which says: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintained therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ The decision of the Court of Civil Appeals in this case seems to proceed upon the theory that Case is not a necessary party to the suit against Sheer and that therefore Subdivision 29a has no application in this case. In determining who is a "necessary party", as used in Subdivision 29a, the following test should be applied. Can the plaintiff obtain the complete relief sught in his suit without the joinder of such party? Pioneer Building & Loan Ass'n. v. Gray, 132 Texas 509, 125 S.W. 2d 284.

In this case relator seeks to recover all of the property delivered to Sheer, including that subsequently pawned to Case and now held by him under his replevy bond. In order for relator to obtain the complete relief sought, Case must be made a party to the suit, for unless he is a party, a judgment entered by the trial court awarding title and possession of the property

to relator would not be binding upon him, and in order for relator to then gain title and possession of the property held by Case, or its value, another suit would have to be filed.

We therefore conclude that as to respondent Case, venue properly lies in Dallas County by virtue of Subdivision 29a when considered in conjunction with Subdivision 3, and that the decision rendered by the Dallas Court of Civil Appeals in this case is in conflict with the opinion of this Court in Pioneer Building & Loan Ass'n. v. Gray, supra, and that such case was correctly decided and is controlling of the case at bar.

We assume that the Court of Civil Appeals will of its own accord conform its ruling and decision to those of this court, but in the event it should not do so the Clerk will issue the appropriate writ. Texas Rules of Civil Procedure, No. 475.

Opinion delivered July 25, 1951.

No motion for rehearing filed.