**WARD v. DAVIS et al.**

No. 3138.

Court of Civil Appeals of Texas.
Waco.

Nov. 19, 1953.

Rehearing Denied Dec. 10, 1953.

———◆———

Prentice Oltorf, Marlin, for appellant.

Jno. M. Barron, William E. Thomason, William T. Moore, Arthur Stewart, Bryan, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege, and involving Exceptions *3* and *29a* of Article 1995, Vernon's Ann.Civ.St. Parties will be referred to as in the trial court.

Plaintiffs, who bring suit through a trustee and next friend, are the minor children of Jose Marin, also known as Joe Mooring, and are all residents of Brazos County.

Defendants are Thomas C. Ward, individually and as administrator of the estate of Ward Mooring, deceased, and other relatives of Ward Mooring, deceased, who, in the absence of a will or children of Ward Mooring, are his heirs at law. Defendant Thomas C. Ward is a resident of McLennan County and the other defendants are residents of the State of California, several ·counties in the State of Texas; and the residences of some are unknown.

The general nature of this suit is to establish an adoption by estoppel and plaintiffs, in their pleadings, pray: (1) for the specific performance by defendants of a contract to adopt Joe Mooring, allegedly made by the deceased Ward Mooring; (2) that the defendants be estopped to deny the validity of the agreement to adopt, and the status of Joe Mooring as the adopted son of Ward Mooring; (3) that the contract to adopt be decreed to be valid and binding; (4) and that in the alternative a declaratory judgment be entered establishing the status of Joe Mooring to be the adopted son of Ward Mooring.

Defendant Thomas C. Ward answered subject to a plea of privilege to be sued in McLennan County;—all other defendants filed answers. Plaintiffs filed a controverting plea alleging that venue was proper in Brazos County under Exceptions *3* and *29a* of Article 1995.

After hearing, the trial court overruled the defendant Thomas C. Ward's plea of privilege, and he appeals to this court on *2* points, contending that the trial court erred in overruling his plea of privilege because: (1) Plaintiffs' pleadings fail to state any cause of action against him or any other defendant; (2) Plaintiffs' proof adduced on the hearing of the plea of privilege was insufficient to show any cause of action against him or any other defendant.

█ In connection with the first point upon which this appeal is predicated—that the plaintiffs fail to state a cause of action against Thomas C. Ward or any other defendant—it is contended that there was no allegation that plaintiffs have become vested with any right, power, or duty, to establish the claim of adoption on the part of Joe Mooring. The plaintiffs' petition states that the plaintiffs are the *grantees and children* of Joe Mooring, who is alleged to be the beneficiary of a contract to adopt, or the adopted son of Ward Mooring, the deceased. The defendants are alleged to be the natural heirs of the deceased in the absence of the adoption, he having left no will. It is our view that the plaintiffs alleged and stated a cause of action in their pleadings, and the first point above is accordingly overruled.

In the second point upon which this appeal is predicated it is contended that plaintiffs' *proof* adduced on the hearing of the plea of privilege was insufficient to show *any cause of action* against any defendant.

█ Our Supreme Court established the rule as to venue now in effect in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, wherein it is said: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile,

must allege and prove, if the defendant asserts his privilege, are those which are stated in the *particular exception* of article 1995 that is applicable or appropriate to the character of suit *alleged* in plaintiff's petition." This rule has been followed consistently to date. National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021; Southwestern Greyhound Lines v. Day, Tex.Civ. App., 238 S.W.2d 258, the last case holding in addition pursuant to said rule, that since Subdivision 27, Article 1995, did not provide for the proof of a cause of action, none was necessary prima facie or otherwise, and citing Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265.

Exception 3 provides: *"If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides."*

Exception 29a provides: *"Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."*

■■■ The venue facts as set forth in Exception *3* are: (1) Proof that one or all of several defendants reside without the state; and (2) Proof that the plaintiffs reside in the county in which suit is filed; and in Exception *29a* are: (1) Proof that there are 2 or more defendants in the suit; (2) Proof that it is lawfully maintainable where brought, under Article 1995 as to one of the defendants; (3) Proof that the party claiming privilege is a necessary party to the suit.

The proof adduced reflected that the plaintiffs are residents of Brazos County, Texas; that at least three of the defendants are residents of the State of California; that all defendants are relatives and heirs at law of Ward Mooring, the deceased; that the deceased left no will or other heirs than the defendants in the absence of the alleged adoption; that defendant Thomas C. Ward (appellant herein) is administrator of the deceased's estate as well as a natural heir.

■■■ Neither Exceptions *3* nor *29a* require the additional proof of a cause of action as a venue fact by their very provisions. Venue lies in Brazos County under Exception 3, since the plaintiffs reside in Brazos County and some of the defendants reside in California. Exception 29a provides that if venue is proper under *any* exception—then it is proper as to all necessary parties. Defendant Thomas C. Ward (appellant) is the administrator of the deceased's estate as well as an heir at law. The test of a necessary party is whether or not the plaintiff can obtain the complete relief sought without joinder of such party. Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616. Clearly, Thomas C. Ward is a necessary party—for without him an outstanding unadjudicated interest would remain.

While our courts have engrafted the additional requirement of the proof of a cause of action against one of the defendants, to Exception *4* of Article 1995, they have refused to engraft this additional requirement on to the venue facts called for by Exceptions 12 and 14, Morgan Farms v. Brown, Tex.Civ.App., 231 S.W.2d 790; Morgan Farms v. Murray, 149 Tex. 319, 233 S.W.2d 123, and again refused to engraft additional requirements to the venue facts called for in Exception 28. McKinney v. Calvert Fire Ins. Co., Tex. Civ.App., 257 S.W.2d 452. Exceptions *3* and *29a*, Article 1995, clearly state the venue facts necessary under each. We refuse to engraft any additions thereto.

Therefore, applying the evidence in the case at bar to Exceptions 3 and 29a of Article 1995, we conclude that the plaintiffs proved all of the necessary venue facts, and the appellants' second point is accordingly overruled.

Finding no reversible error, the order and judgment of the trial court is affirmed.