**N. W. LADNER, Appellant,**

v.

**RELIANCE CORPORATION et al.,**
**Appellees.**

No. 6012.

Court of Civil Appeals of Texas.
Beaumont.

Dec. 1, 1955.

Rehearing Denied Dec. 30, 1955.

Tonahill & Fortenberry, Jasper, for appellant.

Oster & Kaufman, Dallas, Norman, Rounsaville & Hassel, Jacksonville, for appellees.

WALKER, Justice.

The appeal is from an order sustaining pleas of privilege.

The suit was for an injunction and an accounting. Plaintiff alleged, in substance, that on or about December 27, 1952, his father, J. J. Ladner, had granted to him for ten years the exclusive right to manufacture and to sell in Texas a certain substance which was, in formula, a trade secret and had, at the same time and for the same term, granted to his sister and her husband, Mrs. Margueritte A. Newman and Arthur A. Newman, the exclusive right to manufacture and sell this product in certain other states of the United States, and that Mrs. Newman and her husband had made a covenant for plaintiff's benefit, as a part of this transaction with plaintiff's father, not to compete with the plaintiff in Texas; that Mrs. Newman and her husband had nevertheless sold the product in Texas, although under a different name, in competition with the plaintiff, and had thereby breached their covenant; and that they did this "personally and through the instrumentalities" of three corporations, namely, Reliance Corporation (of Texas), Reliance Corporation (of Alabama), and National & Foreign Corporation (of Alabama). Plaintiff alleged that his own residence was in the county of suit; that Mrs. Newman and her husband resided in Alabama; and that the three corporate defendants had a common agent in Harris County, Texas, on whom service of process could be had. Plaintiff prayed that the defendants be enjoined from competing with him and that he have an accounting from them of their profits, and for other relief which need not be stated. Mrs. Newman and her husband filed an answer to the petition and so conferred venue of themselves on the trial court without objection on their part. The three corporate defendants filed pleas of privilege, the two Alabama corporations joining in one plea and the Texas corporation filing a separate plea, to be sued in Harris County where the principal place of business of the Alabama corporations and the residence of the Texas corporation were alleged to be. The plaintiff controverted these pleas, alleging that all of the defendants were necessary parties to the suit, that the trial court had venue of the suit against Mrs. Newman and her husband under Subdivision 3 of art. 1995, Vernon's Ann.Tex.Civ.Stat., and that said court had venue of the three corporate defendants under Subdivision 29a of said statute. Plaintiff adopted his First Amended Original petition as a part of his controverting pleas and repeated certain allegations of that pleading. The issue of venue thus made was tried to the court without a jury and the pleas of privilege were by that court sustained and it is from this order that the plaintiff has taken this appeal.

At the hearing in the trial court, plaintiff adduced much evidence concerning his course of action against Mrs. Newman, apparently on the theory that the rule declared applicable to Subdivision 4 of art. 1995 in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, was applicable to his own combination of Subdivisions 3 and 29a, and there is authority for such procedure, as this opinion will show. However, the order sustaining the pleas of privilege has resolved all questions of fact against plaintiff and he has not assigned error to the trial court's implied findings of fact except to the very limited extent required by his contention in this court. Pertaining to that contention we find that plaintiff did prove as a matter of law that he resided in Jasper County and that the defendants Mrs. Newman and her husband resided in Alabama. We also find, however, that the plaintiff did not prove, or at least that the trial court was authorized to find that he did not prove, a cause of action against the defendants who filed the pleas of privilege, independently of or in connection with plaintiff's demand against the defendants Mrs. Newman and her husband, nor did he prove by evidence in addition to his petition that the defendants who filed pleas of privilege were necessary parties to plaintiff's demand against the Newmans.

Plaintiff now contends that the trial court erred in sustaining the pleas of privilege for these reasons: First: Venue of defendants Mrs. Newman and her husband under

Subdivision 3 was established by the proof of residence which we referred to. Second: The evidence or proof which determines whether a defendant is a necessary party within the meaning of Subdivision 29a is the allegation made against him and his co-defendant held under another Subdivision of art. 1995, not the evidence by which this allegation is to be proved or disproved. He alleged a joint cause of action against all of the defendants, those held under Subdivision 3 and those who filed the pleas of privilege, and so it was immaterial whether he proved any cause of action against any of them.

The submission to the venue of the trial court by Mrs. Newman and her husband did not prove that the trial court had venue of them against the defendants of whom plaintiff claimed venue under Subdivision 29a, and we will, therefore, discuss each element of plaintiff's contention. See McDonald's Texas Civil Practice, Sec. 4.36, p. 413.

■ We agree with plaintiff that he proved venue of the defendants Mrs. Newman and her husband under Subdivision 3 of art. 1995 by the proof of residence to which we have referred and that, to hold venue of these defendants, it was unnecessary for the plaintiff to adduce proof of his cause of action against them. See Camtex Oil Corporation v. Huffines, Tex.Civ.App., 273 S.W.2d 471; Ward v. Davis, Tex.Civ. App., 262 S.W.2d 533. The relevant part of Subdivision 3 is the provision authorizing suit to be brought against non-residents of the state in the county in which the plaintiff resides, and concerning this the Supreme Court said in Taylor v. Wilson, 99 Tex. 651, at page 654, 93 S.W. 109, at page 111: "The third provision covers a case, which, but for it, would not have been provided for, where the defendant is not an inhabitant of this state at all, but resides out of it. In such cases, as there is no residence in the state to be considered but that of plaintiff, it is made to fix the venue." There is no reason in such a case for going beyond the letter of the statute and requiring any proof of the cause of action charged against the defendant non-resident.

■ We also agree with plaintiff that, according to the allegations of the petition, the defendants who filed pleas of privilege were necessary parties, within the meaning of Subdivision 29a, to the principal demand alleged against them and the defendants held under Subdivision 3, namely, that for injunction; but this statement is not to be understood as a holding that plaintiff is or has been entitled to protection against competition by Mrs. Newman and her husband and the other defendants, or by any of them, singly or in combination less than all.

Finally, we do *not* agree with plaintiff's contention that his petition is sufficient proof under Subdivision 29a that the defendants who filed pleas of privilege were necessary parties, within the meaning of Subdivision 29a, to the demand alleged against the defendants held under Subdivision 3. For his position the plaintiff cites the recent decision of the Waco court in Ward v. Davis, supra [262 S.W.2d 535], but that decision does not support plaintiff. In that case the court did say that it was not necessary for the plaintiffs before them to prove a cause of action, but the court also said that those plaintiffs had to make "proof that the party claiming privilege is a necessary party to the suit" and then demonstrated that "the proof adduced" established facts which showed that the defendants were necessary parties to the particular cause of action alleged. These facts were alleged, too, so the court did not have to determine whether the allegations alone were sufficient proof of venue under Subdivision 29a, but we infer that the court considered the facts proved (tieing the matter alleged against the defendants to be held under Subdivision 29a to the matter alleged against the defendants held under Subdivision 3) had legal significance, as they had previously done in Brooks Supply Co. v. First Nat. Bank, Tex.Civ. App., 242 S.W.2d 956.

There is support for plaintiff's contention in a series of decisions by the Eastland court, which held that the petition, or the pleadings, constitute the sole proof of what is a necessary party within the meaning of Subdivision 29a. See Reed v. Walk-

er, Tex.Civ.App., 158 S.W.2d 894; Crawford v. Sanger, Tex.Civ.App., 160 S.W.2d 115; Moreland v. Hawley Independent School Dist., Tex.Civ.App., 163 S.W.2d 892; Ulmer v. Dunigan Tool, etc., Co., Tex. Civ.App., 163 S.W.2d 901; Moreland v. Hawley, Independent School Dist., Tex.Civ. App., 169 S.W.2d 227; Southwestern Peanut Growers Ass'n v. Womack, Tex.Civ. App., 179 S.W.2d 371.

On the other hand, in recent decisions the Eastland court has sustained pleas of privilege because of a failure of evidence to· prove allegations under which the defendant was a necessary party. See Stephenville Production Credit Ass'n v. Drake, Tex.Civ.App., 226 S.W.2d 888; York Supply Co. v. Dunigan Tool & Supply Co., Tex. Civ.App., 276 S.W.2d 317.

Still other decisions, although stating inconsistent rules, have required evidence in addition to the petition or controverting affidavit to show that a defendant is a necessary party within the meaning of Subdivision 29a. Thus in Monte Oil Co. v. McFall, Tex.Civ.App., 114 S.W.2d 596, and in, R. E. Cox Dry. Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675, at page 680, the Waco court applied the rule concerning proof of a cause of action which was held to be applicable to Subdivision 4 in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Borger v. Hazelwood, Tex.Civ.App., 199 S.W.2d 223, by the Texarkana court is analogous. Before the Stockyards Nat. Bank case was decided, the Waco court had stated a broader rule in Bender v. Armstrong, Tex.Civ.App., 59 S.W.2d 451 and in Bender v. Armstrong, Tex.Civ.App., 88 S.W.2d 778. The court held in the latter opinion that the plaintiff had both to allege *and* to prove a common cause of action against the defendants *and* that the defendants of whom venue was claimed under Subdivision 29a was a necessary party thereto. For this the court cited Richardson v. D. S. Cage Co., 113 Tex. 152, 156, 252 S.W. 747; this decision required that a cause of action be proved against the in-county defendant to hold an out-county defendant under Subdivision 4. Statements in Monte Oil Co. v. McFall indicate that

the rule stated in that opinion and in R. E. Cox Dry Goods Co. v. Kellog was a consequence of the holding in Stockyards National Bank v. Maples that a cause of action need not be proved against the out-county defendant to hold venue of him under Subdivision 4.

The rule stated in Bender v. Armstrong, Tex.Civ.App., 88 S.W.2d 778, was followed by the Dallas Court in Scott v. Scott, Tex. Civ.App., 126 S.W.2d 525, at pages 530, 533, in preference to that stated in Monte Oil Co. v. McFall, and in many other decisions Courts of Civil Appeals have said or held that the plaintiff must prove by evidence and not by allegation alone that the defendant of whom venue was claimed under Subdivision 29a was a necessary party to the suit within the meaning of that subdivision. See the following for the requirements actually made and the statements of the rule of decision made in the particular cases: Flatt v. Republic Ins. Co., Tex.Civ. App., 19 S.W.2d 826, at page 828 (Headnote 6); Agua Dulce Supply Co. v. Chapman Milling Co., Tex.Civ.App., 37 S.W.2d 768; Gibson Oil Corporation v. Grayburg, Tex. Civ.App., 40 S.W.2d 222; Thomason v. Sparkman, Tex.Civ.App., 55 S.W.2d 871, at page 872; A. Harris & Co. v. Cook, Tex. Civ.App., 62 S.W.2d 205, at page 206 (Headnote 4); Brown v. Neyland, Tex. Civ.App., 62 S.W.2d 227, at page 229 (Headnote 6, 7, 8); Safety Convoy Co. v. Largen, Tex.Civ.App., 84 S.W.2d 754; West Texas Const. Co. v. Guaranty Building & Loan Co., Tex.Civ.App., 93 S.W.2d 774; Williams v. First Nat. Bank, Tex. Civ.App., 115 S.W.2d 1209; Citizens Nat. Bank v. Citizens State Bank, Tex.Civ.App., 116 S.W.2d 1154; American Seed Co. v. Wilson, Tex.Civ.App., 140 S.W.2d 269; Kennell v. Knox, Tex.Civ.App., 221 S.W.2d 1020; Stark v. Super-Cold Southwest Co., Tex.Civ.App., 239 S.W.2d 402. The relevant holding in Stark v. Super-Cold Southwest Co.—and there are others like it in this list of decisions—is particularly to be noted, for the situation presented for decision is the converse of that acted on in Ward v. Davis. The court held in the Stark case that the appellant was not shown to be a necessary party to the count for

foreclosure within the mean.ng of Sub-division 29a because the evidence proved that he was not in possession of the property and claimed no interest therein.

The only expression from the Supreme Court concerning the proof to be made under Subdivision 29a which we have found is at the conclusion of Moreland v. Leslie, 140 Tex. 170, at page 175, 166 S.W. 2d 902, at page 904. It is dictum but it does require evidence beyond a mere allegation to show that Subdivision 29a applies. See, also, Ex parte Scott, 133 Tex. 1, at pages 14, 15, 123 S.W.2d 306, at page 313, 126 S.W.2d 626; Moreland v. Hawley, Independent School Dist., 140 Tex. 391, at page 393, 168 S.W.2d 660, at page 662.

■ The rule as to what is a necessary party within the meaning of Subdivision 29a which is stated in Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, at page 515, 125 S.W.2d 284, at page 287, plainly requires that the petition, or the pleading equivalent thereto, be considered in determining what is a necessary party within the meaning of Subdivision 29a, as has commonly been implied from the word "necessary" in that subdivision, but the proof to be required under Subdivision 29a need not, and we think ought not, at least in this case, be stopped after a reference to the petition (or equivalent pleading) because of the reasons which persuaded the Commission, in Richardson v. D. S. Cage Co., 113 Tex. 152, at page 157, 252 S.W. 747, at page 749, to require proof of a cause of action against the in-county defendant to hold the out-county defendant under Subdivision 4 of art. 1995. And a holding that this is to be done in this case does not have to be applied to other provisions of art. 1995 which are not involved in this case, because plaintiff Ladner's claim of venue under Subdivision 29a is based on compliance with a provision of art. 1995 which, as our quotation from Taylor v. Wilson shows, does not involve the right of a defendant to venue in his home county, and so a stricter rule can be laid down. But what facts must be proved under Subdivision 29a, whether a joint cause of action against the defendant to be

held under Subdivision 29a and the defendant held under another Subdivision of art. 1995, or a cause of action against the defendant held under some subdivision of art. 1995 other than No. 29a, or only the fact which makes the defendant to be held under Subdivision 29a a necessary party to the demand against his co-defendant as, that he is in possession of the chattel on which plaintiff prays foreclosure, we are not required to decide under the trial court's order and the contention made in this court by the plaintiff Ladner, and we do not decide this question. But, as stated, we think that the allegations of plaintiff Ladner's petition were not enough to prove that the trial court had venue of the appellees under Subdivision 29a, under the weight of authority and under independent reasoning, and we so hold.

The order of the trial court is therefore affirmed.