Lee Roy PEARSON, Jr., Appellant,

v.

PETROLEUM EQUIPMENT FINANCIAL CORPORATION, Appellee.

No. 2-82-011-CV.

Court of Appeals of Texas, Fort Worth.

March 25, 1982.

Rehearing Denied April 29, 1982.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Douglas Wm. Wright, Fort Worth, for appellants.

· Law Offices of John R. Lively and Conrad Kasselman, Jr., A. Bruce Wilson, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from an order overruling the appellant's plea of privilege. Plaintiff, Petroleum Equipment Financial Corporation, (hereinafter PEFCO) sued defendant, Bayou Basin, who is not a party to this appeal, and Lee Roy Pearson, Jr., the defendant whose plea of privilege was overruled by the trial court. PEFCO relies on Tex.Rev.Civ.Stat.Ann. art. 1995(29a) to maintain venue in Tarrant County against Pearson.

We affirm.

PEFCO is seeking possession of oil and gas field equipment, monetary damages against Bayou Basin, and fair rental value of its equipment during Pearson's unauthorized use. Pearson is the owner of mineral rights on a tract of land in Eastland County, where he executed an oil and gas lease to Bayou Basin for Pearson No. 1 well. Bayou Basin purchased gas field equipment, then sold it to PEFCO, who leased the equipment back to Bayou Basin. Bayou Basin, a non-resident, obligated itself to make payments, performable in Tarrant County under written contract, but ceased making payments in November, 1979, and is currently in breach of the agreement. Venue was established as to defendant Bayou Basin under art. 1995(5), which provides that if a person has contracted in writing to perform an obligation in a particular county, suit may be brought against him in that county. *Durant Chevrolet Co. v. Industrial, Etc.*, 624 S.W.2d 628 (Tex.App.—Fort Worth 1981, no writ).

Bayou Basin ceased operating the Pearson No. 1 well and allowed the lease with Pearson to expire, whereupon Pearson began operating the well, taking possession of the leased equipment without PEFCO's

knowledge. Breach provisions included the Lessor's right, upon written demand, to enter the premises and take the equipment. Pearson refused to return or permit PEFCO to take possession of the equipment, in spite of repeated demand. PEFCO asserts venue as to Pearson under art. 1995(29a), which provides that if suit may be lawfully maintained against one defendant, it may be maintained against any and all necessary parties.

In his first point of error, Pearson alleges that the trial court erred in overruling his plea of privilege, because he is not a necessary party to plaintiff's suit against Bayou Basin. Pearson argues that PEFCO did not sue in the alternative for the market value of the equipment. PEFCO elected to sue for possession, has requested Pearson to relinquish possession, and Pearson has refused. The courts have determined that a party is necessary within the exception if the complete relief to which plaintiff is entitled as against the defendant properly sueable in that county can be obtained only in a suit to which both defendants are parties. *Clingingsmith v. Bond*, 241 S.W.2d 616 (Tex.1951). It has also been held that in an action for recovery, one in possession under pawn by defendant is a necessary party. *Clingingsmith v. Bond, supra.*

■ We find that Pearson is a necessary party under art. 1995(29a), and that venue as to Bayou Basin is proper under art. 1995(5). Appellant's point of error no. 1 is overruled.

We turn to Pearson's two points of error which alternatively contend there was no evidence or insufficient evidence as to any of the requisite elements of proof necessary to sustain venue in Tarrant County under subsection 29a. Since all the witnesses at the venue hearing were parties to the litigation, it was for the trial judge to determine the weight to be given to each party's testimony, and the Court of Appeals is not free to substitute its judgment for that of the trial court. *Wilhelm v. Young*, 624 S.W.2d 647 (Tex.App.—Eastland 1981, no writ). The president of PEFCO testified that he had personal knowledge that Pearson has the equipment in question in his possession and refuses to return it or allow PEFCO to go on the land to recover it. Pearson testified that he has possession of the equipment and does not know who owns it. Other evidence presented included the Lease Agreement between PEFCO and Bayou Basin, wherein Bayou Basin agreed to make payments on leased equipment to PEFCO in Tarrant County, Texas.

■ We find that there was evidence to establish an exception under art. 1995(29a) to exclusive jurisdiction, and that such evidence was sufficient to support the trial court's decision. Appellant's points of error two and three are overruled.

Appellant's fourth point of error contends that PEFCO fraudulently asserted its venue facts to get venue against Pearson in Tarrant County, in that PEFCO does not have title to the equipment in question, and therefore, has no right to possession. We find this point without merit. Pearson contends that since there are various mechanic's and materialmen's liens filed against the Pearson property where the equipment is located, and since the liens were filed prior to PEFCO's purchase of the equipment, then PEFCO does not have title to the equipment. Evidence of this fact presented in trial included copies of the liens against the property, and Pearson's counsel's testimony as to the possible legal consequences of such liens. This court must indulge every reasonable intendment in favor of the decision of the trial judge. *American Empire Life Insurance Company v. Hakim*, 312 S.W.2d 739 (Tex.Civ.App.—El Paso 1958, no writ). Also, if there is evidence to support a presumed finding of the trial court, we must accept the evidence as true and sustain the trial court's finding. *Pool Co. v. Hydra-Rig, Inc.*, 626 S.W.2d 320 (Tex.App.—Fort Worth 1981, no writ).

■ Appellant's fifth point of error was filed with this court on the morning of submission and oral argument. It has been held that where appellant asserts for the first time a contention in its reply brief filed the day of oral argument, it comes too

late for consideration. *Presbytery of the Covenant v. 1st Pres. Church of Paris,* 552 S.W.2d 865 (Tex.Civ.App.—Texarkana 1977, no writ).

Based upon the evidence, we conclude that the trial court's finding that the appellee established venue in Tarrant County as to Pearson by meeting the requirements of art. 1995(29a) is correct. All of appellant's points of error are overruled.

Affirmed.